# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1997

FILED

October 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9611-CR-00400 |
| Appellee | ) | |
| | ) | SULLIVAN COUNTY |
| vs. | ) | |
| | ) | Hon. R. Jerry Beck, Judge |
| ROGER LEE FLEENOR, | ) | |
| | ) | (Attempt to commit aggravated |
| Appellant | ) | sexual battery) |

For the Appellant:

**Larry S. Weddington**
200 Seventh Street
Bristol, TN 37620

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Peter M. Coughlan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. Greeley Wells, Jr.**
District Attorney General

**Teresa Murray Smith**
Asst. District Attorney General
Blountville TN 37617

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## **OPINION**

The appellant, Roger Lee Fleenor, appeals the sentence imposed by the Sullivan County Criminal Court upon his plea of guilty to the offense of attempt to commit aggravated sexual battery, a class C felony. Pursuant to a negotiated plea, the appellant received a sentence of eight years as a range II offender. The manner of service of the sentence was submitted to the trial court for determination. Following a sentencing hearing, the trial court denied any form of alternative sentence and ordered that the sentence be served in the Department of Correction. The appellant now appeals this decision.

After a review of the record, we affirm the decision of the trial court.

## **Background**

The appellant's conviction stems from the sexual contact of his seven year old granddaughter. On a date occurring between May 31, 1994, and August 31, 1994, the appellant's granddaughter spent the night alone with the appellant at his house. Early the following morning, she went into her grandfather's bedroom to say good morning. The appellant pulled his granddaughter onto the bed and began to fondle her under her clothing. The victim eventually told her mother, who reported the incident to law enforcement officials. On March 21, 1995, a Sullivan County Grand Jury returned a presentment against the appellant charging him with one count of aggravated sexual battery, a class B felony. <u>See</u> Tenn. Code Ann. § 39-13-504(a)(4) (1994 Supp.). On April 15, 1995, the appellant, pursuant to a plea agreement, pled guilty to the lesser offense of attempt to commit aggravated sexual battery, a class C felony.

2

A sentencing hearing was held on June 26, 1996. The proof at the hearing revealed that the appellant, age 54, had no prior criminal history, a seventh grade education, and a commendable work history as an automobile mechanic. The appellant stated that he was in good physical and mental health and had never abused either alcohol or drugs. The appellant is the father of two sons and three daughters, all presently adults, born of his thirty year marriage to his first wife, Juanita, who passed away in 1992. At the time of the sentencing hearing, the appellant was married to his second wife, Patsy. Various witnesses confirmed the fact that the appellant is well respected within his community and actively involved in his church.

Despite his many commendable traits and character references, the appellant admitted to the unlawful sexual contact with his seven year old granddaughter. In an attempt to justify his conduct, he explained that the victim began "rubbing his penis and kissing on him, so he just returned her love." He added that this conduct occurred on one other occasion. The appellant also confessed to other similar incidents of sexual contact involving two of his daughters and a niece, during the girls' adolescence. In a victim impact statement attached to the presentence report, the appellant's granddaughter stated that she is "afraid of Papaw that he might hurt me for telling mom." The victim added that she "is mad because he said I led him on," and wanted the appellant to "go to jail." At the sentencing hearing, the mother of the victim, the appellant's daughter, testified that she had forgiven her father and that she was not opposed to probation.

A court ordered "Psycho Sexual Evaluation" of the appellant was completed on June 14, 1996, by a private non-profit agency to determine "the least restrictive treatment setting which can effectively reduce the risk of further sexual acting out." Results from one portion of the evaluation indicated that the appellant was "most aroused by males eight years old followed by male adults then males four years old

3

and females twelve years old." However, the appellant's "most intense arousal response" was to "females twelve years old followed by females sixteen years old, then adult males and females." On the Adler Sexual Interest Inventory, the appellant revealed that, at eight or nine years old, he had been anally penetrated by his older brother. The appellant admitted to exposing himself, over a period of fifteen years, to female adults and children, to sexually touching the present victim on two separate occasions, and to sexually touching two of his daughters and a niece on numerous occasions.

During a clinical interview, the appellant explained, when questioned about his history of deviant sexual behavior, that he "does not believe he has a problem." He blames "the Devil for exploiting his weakness." "The Devil has done this because [he] is trying to live his life for God." However, antithetic to this explanation, the appellant reported that he molested his granddaughter because "he had lost his wife and had no companionship." Furthermore, the appellant "demonstrated no empathy or understanding of how his offense has hurt his victim." Based on the results of the psychological testing, the evaluation team, comprised of counselors and therapists, concluded that the appellant was in need of specialized sexual offender treatment, that he is a "very high risk to continue sexually acting out," that the appellant "should not have any contact with minor children," and that the appellant "is considered to be a moderate risk to reoffend given his number of victims and paraphilias [sic], his defensiveness, unwillingness to accept responsibility for his sexual offending, and inability to honestly disclose sexual offensive behavior."[1]  (Emphasis added).

---

[1]"Paraphilia" is defined as a preference for or addiction to unusual sexual practices. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1638, VOL. II (1981).

**Analysis**

In his only issue, the appellant contends that the trial court erred by imposing a sentence of total incarceration. When the manner of service of a sentence is challenged on appeal, this court must conduct a *de novo* review with consideration of the evidence received at the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, any statutory mitigating or enhancement factors, any statement that the defendant made on his own behalf, and the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). Although a *de novo* review is conducted by this court, the trial court's determination is presumed correct on appeal, conditioned upon an affirmative showing in the record that the trial court properly considered relevant sentencing principles. Tenn. Code Ann. § 40-35-401(d) (1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, the trial court properly considered such principles. The presumption of correctness applies. Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210(b)(3) (1990).

**A. Presumption Favoring Alternative Sentence**

The appellant first challenges the trial court's decision that he is not entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. To be eligible for the statutory presumption, three requirements must be met. The appellant must be convicted of a class C, D, or E felony. Tenn. Code Ann. § 40-35-102(6) (1994 Supp.). He must be sentenced as a mitigated or standard offender. Id. And, the defendant must not fall within the parameters of Tenn. Code Ann. § 40-35-102(5), i.e., the defendant cannot have a criminal history evincing either a "clear disregard for the laws and morals of society" or "failure of

5

past efforts at rehabilitation." Id. The appellant's agreement permitted him to plead guilty to the lesser offense of attempt to commit aggravated sexual battery, a class C felony. In exchange for his conviction of a lesser offense, he agreed to classification as a range II offender, even though he had no prior criminal convictions. The appellant claims that, contrary to his plea agreement, he is, in fact, a standard offender.

We are not persuaded by the appellant's argument that he should be permitted to receive the benefit of the bargain he has chosen while rejecting that part which displeases him. Recently, our supreme court acknowledged the longstanding principle that "a defendant can waive the range classification as part of a negotiated guilty plea, to sentences in cases arising under the new Act." State v. Hicks, 945 S.W.2d 706, 708 (Tenn. 1997). The court held that such a sentence is valid "when imposed as a result of a plea bargain agreement entered voluntarily and knowingly." Id. The court added that, "where the parties negotiate in good faith and there are no allegations of fraud or misfeasance, the parties are precluded from attacking on appeal the agreed range imposed by the trial court." Id. at 708. Thus, the appellant's knowing and voluntary guilty plea, absent any evidence of fraud or bad faith on behalf of the State, waived any right of the appellant to later challenge the legality of the sentence imposed by the trial court. In other words, once the appellant agreed to be classified as a range II offender, he became a range II offender for all purposes, including alternative sentencing. Hence, as a range II offender, the appellant is not presumed to be a favorable candidate for alternative sentencing. See, e.g., State v. Grigsby, No. 02C01-9507-CR-00184 (Tenn. Crim. App. at Jackson, Jan. 15, 1997); State v. Wells, No. 03C01-9512-CC-00385 (Tenn. Crim. App. at Knoxville, Nov. 27, 1996); State v. Armstrong, No. 01C01-9503-CC-00097 (Tenn. Crim. App. at Nashville, Nov. 16, 1995). This contention is without merit.

## B. Denial of Alternative Sentence

Although the trial court strongly accredited the appellant's lack of a criminal record and the appellant's favorable employment and social history, the court, in denying any form of alternative sentencing, found that the results of the psychological report, i.e., the appellant's risk of reoffending, his long history of this type of conduct, his unwillingness to accept responsibility for his conduct, and his inability to honestly disclose his sexual offensive behavior, overwhelmingly indicate that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." See Tenn. Code Ann. § 40-35-103(1)(A) (1990).

With the presumption that the trial court's determination is correct, we conclude that the appellant has failed to carry his burden of establishing that he is entitled to alternative sentencing. The trial court's finding is more than adequately supported by the record  The appellant admitted to a long history of deviant sexual behavior. This alone is sufficient to deny alternative sentencing. See State v. Matthews, No. 03C01-9505-CR-00153 (Tenn. Crim. App. at Knoxville, May 1, 1996) (affirming trial court's denial of alternative sentence based upon defendant's numerous incidents of unprosecuted unlawful sexual contact). Additionally, the trial court, properly recognizing that the "protection of society" is a fundamental concept in the sentencing process, expressed its apprehension over releasing the appellant into the community given the appellant's verified propensity to reoffend. Moreover, the proof discloses that the appellant was not truly remorseful for his actions, had a strong sexual attraction to children, and was not being totally truthful with the court or counselors. Consideration of the appellant's poor prospects for rehabilitation as a factor militating against an alternative sentence is also appropriate. See Matthews, No. 03C01-9505-CR-00153.

After a *de novo* review of the record coupled with the presumption that the decision of the trial court is correct, we conclude that the appellant has failed to show his entitlement to a sentence other than total incarceration. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
WILLIAM M. BARKER, Judge