IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**PAUL BARNETT v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Unicoi County**
**No. 3917    Lynn W. Brown, Judge**

---

**No. E1999-01583-CCA-R3-CD - Decided June 20, 2000**

---

Petitioner Paul Barnett pled guilty to one count of Class D felony burglary and one count of Class D felony theft.  Petitioner subsequently filed a pro se petition for habeas corpus relief or, in the alternative, a motion to correct/amend sentence.  Thereafter, the trial court summarily dismissed the petition/motion.  Petitioner challenges that dismissal.  The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

WOODALL, J. delivered the opinion of the court, in which WADE, P. J.  joined, and TIPTON, J. filed a concurring opinion.

Paul Barnett, Mountain City, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  BACKGROUND**

On February 9, 1993, Petitioner pled guilty to one count of Class D felony burglary and one count of Class D felony theft.  That same day, two judgments were entered for these convictions.  The first judgment indicates that Petitioner was sentenced as a Range I standard offender to a term of five years for the Class D felony burglary conviction and the second judgment indicates that Petitioner was sentenced as a Range I standard offender to a term of two years for the Class D felony theft conviction.  In addition, the judgments indicate that the sentences were ordered to run consecutively to each other and to sentences that had previously been imposed in other cases.

On November 19, 1998, Petitioner filed a pro se petition for habeas corpus relief or, in the alternative, a motion to correct/amend sentence.  The petition/motion alleges that Petitioner was sentenced as a Range I standard offender to a term of three years for the Class D felony burglary

conviction, but someone altered the judgment without his knowledge by changing the numeral "3" so that it appeared to be the numeral "5" and by writing the word "five" on the judgment. The petition/motion also alleges that because the maximum sentence authorized by statute for a Range I offender convicted of a Class D felony is four years, the judgment is void because it imposes an illegal sentence.

On August 5, 1999, the trial court entered an order which summarily dismissed the petition/motion. The trial court's order indicates that it dismissed the petition/motion after finding that the Unicoi County Criminal Court had no jurisdiction over a habeas corpus petition, that Petitioner had failed to present a cognizable claim for habeas corpus relief, and that in regard to the motion to correct/amend sentence, "an examination of the Court minutes written on the sentence date of February 9, 1993 shows the Judgment to conform exactly with said minutes."

## II. ANALYSIS

Petitioner contends that the trial court erred when it dismissed his petition/motion. Petitioner's claims for relief are not entirely consistent. Petitioner initially claims that he is entitled to habeas corpus relief because the sentencing court imposed an illegal five-year sentence for his Class D felony burglary conviction. On the other hand, Petitioner claims that the sentencing court actually imposed a three-year sentence and the judgment was altered without his knowledge or permission to reflect that a five-year sentence was imposed.

### A.

Initially, we conclude that if Petitioner's petition/motion is considered to be a petition for habeas corpus relief, summary dismissal was appropriate.

Under Tennessee Code Annotated section 29-21-105, a petition for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (1980). The procedural provisions of the habeas corpus statutes are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). The record indicates that at the time Petitioner filed his petition/motion in Unicoi County, he was incarcerated in Johnson County. Petitioner alleges that the Unicoi County Criminal Court is the most convenient forum because "all records and potential witnesses are in Unicoi County." However, this Court has previously held that these reasons are insufficient to justify a failure to file a habeas corpus petition in the court closest to the applicant. Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *2 (Tenn. Crim. App., Knoxville, June 24, 1999), app. denied, (Tenn. Nov. 22, 1999). Thus, the petition/motion was subject to summary dismissal if treated as a habeas corpus petition.

In addition to failing to comply with the procedural requirements, Petitioner has failed to make any claims that are cognizable in a habeas corpus proceeding. It is well-established in Tennessee that habeas corpus relief is only available when a conviction is void because the

convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. Archer, 851 S.W.2d at 164; Johns v. Bowlen, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996). As this Court has previously stated:

> A judgment of a court of general jurisdiction is presumed to be valid. This presumption is said to be conclusive unless the judgment is impeached by the record. If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (citations omitted).

Petitioner does not contend that his sentence has expired and that he is being illegally restrained. However, Petitioner does contend that the judgment for his Class D felony burglary conviction is void because it imposes an illegal sentence. Specifically, Petitioner argues that because he was sentenced as a Range I standard offender, the maximum sentence he could receive was a sentence of four years and the five-year sentence indicated by the judgment form is illegal.

Petitioner is, of course, correct that the sentencing range for a Range I standard offender convicted of a Class D felony is between two and four years. Tenn. Code Ann. § 40-35-112(a)(4) (1997). Although not noted by Petitioner, the sentencing range for a Range II multiple offender convicted of a Class D felony is between four and eight years. Tenn. Code Ann. § 40-35-112(b)(4) (1997). The Tennessee Supreme Court has held that a "hybrid sentence" that imposes Range II incarceration with Range I release eligibility, imposed as a result of a knowing and voluntary plea bargain agreement, is valid. Hicks v. State, 945 S.W.2d 706, 706 (Tenn. 1997). It appears from the record that Petitioner could have qualified for sentencing as a Range II multiple offender. Thus, a Range II incarceration of five years with a Range I release eligibility of 30% would be a perfectly valid sentence if imposed pursuant to a plea bargain agreement that was knowingly and voluntarily entered into. Petitioner's claim that he never agreed to the Range II incarceration of five years would make the challenged judgment voidable rather than void and therefore, Petitioner's claim is not cognizable in a habeas corpus proceeding. See Passarella, 891 S.W.2d at 627. "[A] petition for a writ of habeas corpus may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim." Jimmy Wayne Wilson, 1999 WL 420495, at *2. Summary dismissal was clearly appropriate if the petition/motion is treated as a petition for habeas corpus relief.

**B.**

The major thrust of Petitioner's argument appears to be a claim that he agreed to and the trial court actually imposed a three-year sentence for the Class D felony burglary conviction and the five-year sentence that appears on the judgment is a clerical mistake that occurred when the judgment was altered without his knowledge or permission.

Rule 36 of the Tennessee Rules of Criminal Procedure provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Petitioner's claim, if true, is clearly an appropriate basis for relief under this rule. In addition, the Unicoi County Criminal Court is the appropriate forum for this claim.

We have viewed the challenged judgment and we note that it does appear to be possible that the numeral "3" was originally written on the line for length of sentence and the numeral "3" was altered to the numeral "5" and the word "five" was written next to the numeral. The trial court made a finding of fact that the five-year sentence as written on the judgment conformed with the minutes of the sentencing hearing. The general rule is that a trial court's court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against those findings. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). However, the minutes of the sentencing hearing are not included in the record. Thus, we are unable to determine whether or not the evidence preponderates against the trial court's finding of fact.

Quite simply, the record before us is so sparse that we are unable to reach any conclusion as to whether the judgment should be corrected pursuant to Rule 36. In fact, the State concedes in its brief that the record in this case is too inadequate for meaningful appellate review. Therefore, we conclude that under the unique circumstances of this case, Petitioner is entitled to a full evidentiary hearing on the merits of his claim that the challenged judgment contains a clerical error. If the five-year sentence for the Class D felony burglary conviction was the sentence that was actually imposed by the sentencing court, the judgment obviously contains no clerical mistake and the petition/motion should be dismissed. On the other hand, if the sentencing court actually imposed a three-year sentence and the judgment form was mistakenly or otherwise altered to reflect that a five-year sentence was imposed, the judgment contains a clerical mistake that should be corrected pursuant to Rule 36.

For the above reasons, we REVERSE the judgment of the trial court and REMAND this matter for an evidentiary hearing on the merits of Petitioner's claim that the challenged judgment contains a clerical error and for further proceedings consistent with this opinion.