IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. JAMES R. BRITT

**Appeal from the Circuit Court for Bledsoe County**
**No. 10540A     Buddy Perry, Judge**

---

**No. E2000-02259-CCA-R3-CD**
**April 10, 2001**

---

The petitioner, James R. Britt, seeks correction of an alleged illegal sentence. He claims that he is serving an illegal and void sentence because he was sentenced as a Range III offender, even though he qualified for no more than Range I classification. Because we agree with the lower court that the petitioner's sentence is not illegal or void, we affirm the lower court's order dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

James Robert Britt, Pro Se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; James Michael Taylor, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner, James R. Britt, is presently serving an effective 45-year sentence for the 1991 second degree murder and especially aggravated robbery of Luther Dodson in Bledsoe County. In a three-count indictment, Britt was originally charged with premeditated murder, felony murder and especially aggravated robbery. Pursuant to plea agreement, the premeditated murder count was dismissed, the felony murder count was reduced to second degree murder with a sentence of 45 years at Range III, and a concurrent, 20-year sentence was agreed upon for the especially aggravated robbery count. The petitioner was provided the effective assistance of counsel and entered a knowing and voluntary guilty plea. *State v. James Britt*, No. 03C01-9708-CC-00349 (Tenn. Crim. App., Knoxville, May 18, 1998). In this action, Britt contends that his 45-year, Range III sentence for second degree murder is illegal and void because he qualified for no more than Range I sentencing. He also raises various complaints which are not cognizable in this proceeding. We disagree that the sentence imposed is illegal and void and therefore affirm the judgment of the trial court.

The petitioner initiated the proceedings below by filing a "Petition to Correct an Illegal and Void Sentence." Although not styled as such, we consider his petition as one for issuance of the writ of *habeas corpus*. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (a prisoner complaining of an "illegal" sentence is well-advised to present their claims in a petition for the writ of *habeas corpus*).

The petitioner's primary complaint is that he was a Range I offender but was given a Range III sentence. Our supreme court has approved sentences derived from plea-bargain agreements whereby a petitioner agrees to accept a sentence which is based upon a higher Range classification than the petitioner would otherwise be qualified to receive, provided the sentence is within the overall statutory limits on punishment for the crime. *See State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987); *see also McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (elements of "offender classification and release eligibility" are proper issues for plea-bargaining and "still are properly characterized as non-jurisdictional"). So long as a defendant's acceptance of such agreement is knowing and voluntary, the courts will uphold the agreement. *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). The defendant is said to have waived any objection to the irregularity as to offender classification or release eligibility by his knowing and voluntary guilty plea. *See id.*

Petitioner Britt accepted a Range III classification and sentence as part of a plea agreement whereby one count was dismissed and one count was reduced. He did so knowingly and voluntarily. *See William Britt*, slip op. at 2. The sentence is neither illegal nor void.

The petitioner also raises various complaints which are not proper bases for *habeas corpus* relief. He claims the state failed to give notice of intent to seek enhanced punishment, that he was never advised of appellate rights, and that the court failed to enter written findings of fact and conclusions of law relative to its sentencing determination. Even if taken as true, none of these allegations would result in an illegal or void sentence.[1] As such, they are not amenable to review at this juncture.

We affirm the lower court's dismissal of the petition.

                              _____
                              JAMES CURWOOD WITT, JR., JUDGE

---

[1] It bears noting that the petitioner has had post-conviction review of his case. *See generally William Britt.*