# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2006

## VICTOR THOMPSON v. DAVID MILLS, WARDEN, ET AL.

### Appeal from the Circuit Court for Lauderdale County
### No. 5993     Joseph H. Walker, Judge

### No. W2005-02197-CCA-R3-HC  - Filed February 9, 2006

The petitioner, Victor Thompson, appeals the denial of habeas corpus relief contending that: (1) his sentence was outside the applicable range and was, therefore, illegal; and (2) that the indictment was fatally defective.  Upon review, we conclude that the defendant's sentence was within the agreed range and that the remaining issue is waived, as it is raised for the first time on appeal.  Therefore, we affirm the denial of habeas relief in accordance with Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Victor Thompson, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1992, the petitioner pled guilty to second degree murder (a Class A felony) and aggravated assault (a Class C felony) in exchange for agreed Range III sentences of fifty years and ten years, respectively, to be served concurrently.  On August 19, 2005, the petitioner filed a pro se petition for writ of habeas corpus alleging solely that his sentences were illegal and void based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Upon review, the court summarily dismissed the petition finding that the petitioner's claim was constitutional in nature and, therefore, not cognizable in a habeas petition and that the petitioner was not entitled to relief as it had been previously held that Blakely does not apply retroactively to cases on collateral review.  See Donald Branch v. State, W2003-03042-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 1148 (Tenn. Crim. App., at Jackson, Dec. 21, 2004), app. denied, (Tenn. May 23, 2005).  On appeal to this court, the petitioner contends that:  (1) his sentence is illegal because "the

trial court was well outside it [sic] jurisdiction and authority to sentence the [petitioner] beyond the maximum of the Range, absent a finding of guilty by a jury of piers [sic]," and (2) the indictment was fatally defective as it did not allege the mens rea element of the charged offense.

"The writ of [habeas corpus] will issue in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

With regard to the illegal sentence, the petitioner alleges that his sentence of fifty years for second degree murder was beyond the maximum allowed for a Range II offender convicted of a Class A felony. Initially, we note that even if the petitioner agreed to a sentence outside the range yet within the maximum for the offense class, the judgment would stand. Indeed, our supreme court has held that a hybrid plea, knowingly and voluntarily entered, "waives any irregularity as to offender classification or release eligibility." See Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). However, in this case, the petitioner agreed to be sentenced as a Range III offender, and the sentence was within that range. Therefore, the face of the judgment does not contravene the statute.[1] To the extent that the Blakely issue is appealed, we agree with the habeas court that it is not cognizable in a habeas corpus petition as it presents a constitutional claim that is properly addressed in a post-conviction petition. Moreover, our supreme court has held that Tennessee's sentencing procedures do not violate the Sixth Amendment right to trial by jury as described in Blakely. State v. Gomez, 163 S.W.3d 632 (Tenn. 2005). Therefore, this issue is without merit.

The petitioner also argues for the first time on appeal that the indictment failed to allege the mens rea element of the charged offense and is, therefore, fatally defective. Issues that were not asserted in the original petition filed in the habeas court will not be considered for the first time on appeal. State v. Turner, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995). Therefore, the issue is deemed waived.

Upon review of the record, briefs of the parties, and applicable law, we conclude that the petitioner has not established that he is entitled to habeas corpus relief. Therefore, we affirm the denial of habeas relief in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1]Second degree murder, a Class A felony, carried a Range III sentence of between forty and sixty years. See T.C.A. § 40-35-112(c)(1) (1992).