IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

| | | |
|---|---|---|
| TERRY L. HICKS, JR. | ) | FOR PUBLICATION |
| | ) | |
| Appellant | ) | FILED: APRIL 21, 1997 |
| | ) | |
| v. | ) | HON. FRANKLIN MURCHISON, |
| | ) | Judge |
| | ) | |
| STATE OF TENNESSEE | ) | MADISON COUNTY |
| | ) | |
| Appellee | ) | NO. 02-S-01-9607-CC-00063 |

FILED

April 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

GEORGE MORTON GOOGE
26th District Public Defender

PAMELA J. DREWERY
Assistant Public Defender
227 West Baltimore Street
Jackson, Tennessee

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

KAREN M. YACUZZO
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee

JAMES G. WOODALL
District Attorney General

DONALD H. ALLEN
Assistant District Attorney
General
P.O. Box 2825
Jackson, Tennessee

OPINION

AFFIRMED                                                    BIRCH, C.J.

Pursuant to a plea bargain agreement, Terry L. Hicks, the appellant, entered a plea of guilty and was convicted of voluntary manslaughter, a Class C felony. The Range I punishment for this offense is three to six years; for Range II offenders, it is six to fifteen years. The plea agreement provided for a "hybrid" sentence: that is, Range II incarceration (ten years) coupled with Range I release eligibility (thirty percent). The trial court accepted the plea agreement and convicted Hicks of voluntary manslaughter. Adhering to the terms of the agreement, the trial court sentenced Hicks to the Department of Correction for ten years as a Range I standard offender with a release eligibility of thirty percent.

At issue in this post-conviction case is whether a plea bargained Range II sentence is valid when coupled with Range I release eligibility.[1] We conclude that such a sentence, when imposed as a result of a plea bargain agreement entered voluntarily and knowingly, is valid.[2]

I

Persons who commit criminal offenses in Tennessee must be sentenced pursuant to the provisions of the Criminal Sentencing

---

[1]The release eligibility for Range II offenses is normally thirty-five percent.

[2]Hicks alleges that his counsel was ineffective because counsel allowed Hicks to receive an "illegal" sentence. Because the sentence is valid, it furnishes no basis from which to find counsel ineffective.

Reform Act of 1989. Tenn. Code Ann. § 40-35-104(a)(1990); State v. Palmer, 902 S.W.2d 391, 392 (Tenn. 1995).

One basic principle of statutory construction requires that we ascertain and give effect to the legislature's intent without unduly restricting or expanding a statute's coverage beyond its intended scope. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995); State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). In construing statutes, we presume that the legislature has knowledge of its prior enactments and is fully aware of any judicial constructions of those enactments. Wilson v. Johnson County, 879 S.W.2d 807, 810 (Tenn. 1994); Hamby v. McDaniel, 559 S.W.2d 774, 776 (Tenn. 1977). Thus, although not controlling, we take some guidance from cases decided under the Criminal Sentencing Reform Act of 1982.

The 1982 Act provided for two sentencing ranges: Range I and Range II. Tenn. Code Ann. § 40-35-109 (1982)(repealed).[3] Persons serving Range II sentences as either persistent offenders or for an especially aggravated offense were required to complete forty percent of the sentence before becoming eligible for release. Tenn. Code Ann. § 40-35-501(d)(1982)(repealed). Those serving Range II sentences as persistent offenders whose offense was also especially aggravated were required to complete fifty percent of the sentence before becoming eligible for release. Tenn. Code Ann. § 40-35-501(e)(1982)(repealed).

---

[3]There was also a provision for an "especially mitigated offender." Tenn. Code Ann. § 40-35-108 (1982)(repealed).

In 1987, this Court decided State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). Mahler was indicted for first-degree murder. Ultimately, the parties agreed to a guilty plea to second-degree murder in exchange for the State's recommendation of a fifty-year sentence as a Range II offender. The defendant agreed to the sentence even though he lacked the criminal history sufficient to justify sentencing within Range II.

Six months after imposition of the agreed sentence, Mahler filed a post-conviction petition alleging that the sentence was invalid and that his counsel was ineffective for failing to advise him of that fact. In course, we affirmed the sentence, noting that under the law in effect at that time, the punishment range for second-degree murder was from ten years to life.[4] Because the sentence imposed was clearly within statutory limits, we held the sentence valid. Mahler, 735 S.W.2d at 227. More significant, we held that any question as to Mahler's classification as a Range II offender or his release eligibility percentage had been waived by the guilty plea. Id. at 228.

In the year following Mahler, the Court of Criminal Appeals, in State v. Terry, 755 S.W.2d 854 (Tenn. Crim. App. 1988), addressed the precise question we face today, albeit under the Criminal Sentencing Reform Act of 1982. Pursuant to a plea bargain agreement, Terry pleaded guilty to one count of simple kidnapping and one count of aggravated assault. In return, he received a Range I sentence of ten years for kidnapping and a consecutive

---

[4]Tenn. Code Ann. §§ 39-2-212 & 40-35-109 (1982)(repealed).

4

Range I sentence of five years for aggravated assault.  Under the law at the time, the punishment range for kidnapping was two to ten years, and a Range I sentence was two to six years.[5]

After the judgment became final, Terry filed a motion to correct the "illegal" kidnapping sentence. The Court of Criminal Appeals upheld the sentence and noted that it was within the statutory limits for kidnapping.  Terry, 755 S.W.2d at 855.  The intermediate court cited Mahler for the proposition that "[a]ny irregularity as to classification or release eligibility was waived by the plea of guilty knowingly and voluntarily entered."  Id. at 854.

Similarly, this waiver rule also applies to the State-- the other party to the plea agreement.  State v. Watkins, 804 S.W.2d 884, 886 (Tenn. 1991).  In Watkins, the State agreed to a Range I sentence and the dismissal of an habitual criminal count. After a sentencing hearing, the trial court imposed the maximum Range I sentence of thirty years.  When the defendant appealed the sentence as excessive, the State contended that the sentence was appropriate because the defendant was on parole at the time of the offense and a statutory provision in effect at the time mandated a Range II sentence.[6]  We held that the same waiver rule invoked

---

[5]Tenn. Code Ann. §§ 39-2-302 & 40-35-109 (1982)(repealed).

[6]Tenn. Code Ann. § 40-35-107(3)(b)(1982)(repealed), provided that a felony committed while the perpetrator was on parole was an "especially aggravated offense."  Tenn. Code Ann. § 40-37-107(8) further provided that "[a] defendant who is found by the court beyond a reasonable doubt to have committed an especially aggravated offense shall receive a sentence within Range II."

against the defendant in Mahler applied to the State where it negotiated a plea agreement and thus encouraged the trial court to set the defendant's sentence in the "wrong" range:

> Mahler stands for the proposition that an erroneous range classification can be waived by the action of the defendant. We conclude that, proverbially speaking, what is applicable to the goose ought to be applied to the gander.
>
> . . . .
>
> [In another case,] we concluded, furthermore, that "the state would waive 'Range II' sentencing by failing to file the required notice, failing to present proof of the basis relied on, or deliberately, by striking a Range II notice in exchange for a guilty plea." The latter procedure . . . "is similar to allowing a defendant to plead to a lesser offense, and is a common tool in plea bargaining."

Watkins, 804 S.W.2d at 886 (quoting State v. Russell, 800 S.W.2d 169, 172 (Tenn. 1990)). Thus, where the parties negotiate in good faith and there are no allegations of fraud or misfeasance, the parties are precluded from attacking on appeal the agreed range imposed by the trial court.

Since passage of the Criminal Sentencing Reform Act of 1989, the intermediate court has applied the Mahler principal, i.e., a defendant can waive the range classification as part of a negotiated guilty plea, to sentences in cases arising under the new Act.[7] That court has divided, however, over whether a sentence

---

[7]State v. Turner, 919 S.W.2d 346, 359 (Tenn. Crim. App. 1995); McKinley v. State, 910 S.W.2d 465, 467 (Tenn. Crim. App. 1995); see also Bill R. Dixon, Jr. v. State , No. 02-C-01-9503-CC-00070 (Tenn.

6

within one range coupled with a release eligibility of another range is legal.

In <u>Joseph Harvey Cutright v. State</u>,[8] the defendant was originally charged with premeditated murder, felony-murder, and grand larceny. Although the offenses pre-dated the effective date of the 1989 Act, the defendant was sentenced after the effective date of the 1989 Act. In return for his plea of guilty to second-degree murder, the State agreed that the defendant be sentenced under the 1982 Act to a term of fifty years as a Range II persistent offender with a release eligibility of forty percent. In his petition for post-conviction relief, Cutright alleged that his sentence was "illegal." A divided panel of the Court of Criminal Appeals cited <u>Terry</u> and held that any irregularity as to classification or release eligibility was waived by the plea of guilty knowingly and voluntarily entered. In the order denying the application for permission to appeal, we noted that the defendant had been improperly sentenced under the 1982 Act. Neither the fifty-year sentence nor the forty percent release eligibility

---

Crim. App., filed March 20, 1996, at Jackson); <u>George John Callis v. State</u>, No. 03-C-01-9411-CR-00401 (Tenn. Crim. App., filed Oct. 11, 1995 at Knoxville), <u>perm. to appeal denied</u> April 1, 1996; <u>Ronald Lature McCray v. State</u>, No. 02-C-01-9412-CC-00277 (Tenn. Crim. App., filed Sept. 27, 1995, at Jackson); <u>George Cheairs v. State</u>, No. 02-C-01-9304-CC-00070 (Tenn. Crim. App., filed Oct. 26, 1994, at Jackson); <u>Darnell Gentry v. State</u>, No. 02-C-01-9304-CC-00052 (Tenn. Crim. App., filed June 29, 1994, at Jackson), <u>perm. to appeal denied</u> Oct. 3, 1994; <u>Eric Williamson v. State</u>, No. 0-2-C-01-9305-CR-00096 (Tenn. Crim. App., filed May 11, 1994, at Jackson), <u>perm. to appeal denied</u> Oct. 10, 1994; <u>Joseph Harvey Cutright v. State</u>, No. 02-C-01-9108-CC-00175 (Tenn. Crim. App., filed March 25, 1992, at Jackson), <u>perm. to appeal denied</u> August 31, 1992.

[8]No. 02-C-01-9108-CC-00175 (Tenn. Crim. App., filed March 25, 1992, at Jackson), <u>perm. to appeal denied</u> August 31, 1992.

7

comported with the provisions of the new Act; therefore, we declared the sentence a nullity.[9]

In Darnell Gentry v. State,[10] the defendant pleaded guilty to second-degree murder. He was designated as a Range I offender for release eligibility purposes but was sentenced outside that range to forty years. The Court of Criminal Appeals held that because the sentence was within the permissible statutory limits (fifteen to sixty years), it was valid. Citing to Terry, the court held that any irregularity as to classification was waived by the defendant's guilty plea. Since Gentry, however, three panels of the Court of Criminal Appeals have concluded that these "hybrid" sentences are invalid.[11]

We note that when the Sentencing Reform Act of 1989 was passed, State v. Mahler and State v. Terry had been published for more than a year. Nevertheless, the provisions of the 1989 Act and the 1982 Act that require a person to be sentenced in accordance with the statute are identical. Moreover, the statutory procedure

---

[9]According to Hicks, we disapproved of mixing range classifications and release eligibility percentages in our order declaring Cutright's sentence a nullity. However, we think in Cutright the intermediate court misinterpreted our order. The judgment was void on its face because it reflected that the defendant in that case was improperly sentenced under the 1982 Act and because the sentence included a release eligibility percentage that does not even exist under the 1989 Act.

[10]No. 02-C-01-9304-CC-00052 (Tenn. Crim. App., filed June 29, 1994, at Jackson), perm. to appeal denied Oct. 3, 1994.

[11]George Cheairs v. State, No. 02-C-01-9304-CC-00070 (Tenn. Crim. App., filed Oct. 26, 1994, at Jackson); Ronald Lature McCray v. State, No. 02-C-01-9412-CC-00277 (Tenn. Crim. App., filed Sept. 27, 1995, at Jackson); Bill R. Dixon, Jr. v. State , No. 02-C-01-9503-CC-00070 (Tenn. Crim. App., filed March 20, 1996, at Jackson).

for imposing an enhanced sentence is also the same under both Acts. Had the legislature intended for the new Act to be interpreted differently, it would have been a simple matter to limit a prosecutor's use of offender classification and release eligibility as plea bargaining tools. That the legislature did not evinces its intent to permit this practice.

We reiterate today that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility. Accordingly and for the reasons stated above, the judgment of the Court of Criminal Appeals is affirmed.

_____

ADOLPHO A. BIRCH, JR., Chief Justice

CONCUR:

Drowota, Anderson, Reid, JJ.

9