IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION



FILED

**February 19, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

BILL R. DIXON, JR.,                )
                                   )
          APPELLANT,               )
                                   )     No. 02-C-01-9706-CC-00212
                                   )
                                   )     Madison County
v.                                 )
                                   )     J. Franklin Murchison, Judge
                                   )
                                   )     (Post-Conviction Relief)
STATE OF TENNESSEE,                )
                                   )
          APPELLEE.                )


FOR THE APPELLANT:                        FOR THE APPELLEE:

Clifford K. McGown, Jr.                   John Knox Walkup
Attorney at Law                           Attorney General & Reporter
113 North Court Square                    425 Fifth Avenue, North
Waverly, TN 37185                         Nashville, TN 37243
(Appeal Only)

                                          Elizabeth T. Ryan
Daniel J. Taylor                          Assistant Attorney General
Assistant Public Defender                 425 Fifth Avenue, North
227 West Baltimore Street                 Nashville, TN 37243
Jackson, TN 38301
(Trial Only)                              James G. Woodall
                                          District Attorney General
OF COUNSEL:                               P.O. Box 2825
                                          Jackson, TN 38302
George Morton Googe
District Public Defender                  Donald H. Allen
227 West Baltimore Street                 Assistant District Attorney General
Jackson, TN 38301                         P.O. Box 2825
                                          Jackson, TN 38302


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The issue this court must resolve is whether the appellant, Bill R. Dixon, Jr.[1] (petitioner), is entitled to (a) a new sentencing hearing regarding the offense of the unlawful possession of a deadly weapon with the intent to employ the weapon in the commission of a felony (weapons offense), (b) a trial on the merits due to the illegality of the original plea agreement, or (c) the affirmance of the judgment of the trial court imposing the lightest sentence possible for the weapons offense. The petitioner contends he is entitled to have the original plea agreement set aside and receive a trial on the merits. The State of Tennessee contends that since the petitioner received a new sentencing hearing to correct the illegal sentence pursuant to this court's ruling, the petitioner is not entitled to have the original plea agreement set aside and receive a trial on the merits. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

## I.

This case has a rich history of prior proceedings notwithstanding the fact the petitioner entered pleas of guilty to the offenses of second degree murder and the weapons offense. A statement of the prior proceedings is essential to an understanding of the issue presented for review and this court's resolution of this issue.

## A.

The Madison County Grand Jury returned a two-count indictment charging the petitioner with first degree murder and the weapons offense. The petitioner entered pleas of guilty to the lesser included offense of second degree murder, a Class A felony, and the

---

[1]The petitioner's name is spelled "Dixson" in various portions of the technical record, including the indictment. However, this court will spell the petitioner's name "Dixon" in accordance with our prior opinion and other relevant portions of the record.

weapons offense, a Class E felony, pursuant to a plea agreement. The parties agreed the petitioner was a standard offender. The petitioner received a Range I sentence consisting of confinement for twenty-five (25) years in the Department of Correction for the offense of second degree murder. The petitioner received a hybrid sentence for the weapons charge. He agreed to a Range III sentence of confinement for five (5) years in the Department of Correction, but it was agreed the release eligibility date for this offense would be determined the same as a Range I standard offender. It was agreed the two sentences were to be served consecutively for an effective sentence of thirty (30) years.

The hybrid sentence in the weapons case was discussed at length during the submission hearing. The transcript of the submission hearing reflects the petitioner understood the ramifications of the sentence.

**B.**

The petitioner instituted a post-conviction action on March 23, 1994. He alleged the guilty pleas he entered were constitutionally infirm and he was denied the effective assistance of counsel for a myriad of reasons. The trial court appointed counsel to represent the petitioner. An evidentiary hearing was conducted on November 12, 1994. The trial court entered a judgment denying the relief sought on November 22, 1994. The petitioner subsequently appealed as of right to this court. Dixon v. State, 934 S.W.2d 69 (Tenn. Crim. App. 1996).

In this court, the petitioner contended "his guilty plea[s] [were] not entered voluntarily, understandingly, and knowingly," and "he received ineffective assistance of counsel preceding, during, and after the entry of his guilty plea[s]." Dixon, 934 S.W.2d at 70. This court rejected the petitioner's claim that his guilty pleas were constitutionally infirm. However, this court held the agreed sentence for the weapons offense was "an illegal sentence and thus a nullity." Dixon, 934 S.W.2d at 74. In ruling, this court said:

> The illegal five-year sentence for the weapons charge was, from the State's perspective, inextricable from the part of the plea agreement pertaining to the second degree murder charge. We must conclude that this leaves the status of the original prosecution at the sentencing stage. The transcript of

3

> the guilty plea proceeding reflects that the State recommended the sentence imposed herein, and the trial court accepted the recommendation. Because the recommendation included a sentence which is illegal, on remand the trial court must reject the recommended sentence. At that stage, proceedings on the guilty plea shall be governed by Rule 11(e)(2) or 11(e)(4) of the Tennessee Rules of Criminal Procedure. See State v. Hodges, 815 S.W.2d 151 (Tenn. 1991).

934 S.W.2d at 74. Thus, this court remanded the case to the trial court for further proceedings consistent with the opinion.

## C.

A hearing was conducted in the trial court following remand. Petitioner's counsel stated: "[M]yself and Mr. Allen [assistant district attorney general] have read this opinion [Dixon v. State], and what we are here for today is -- we are asking Your Honor if -- some parts of the opinion are kind of convoluted. And I guess what we want to know is what the Court is saying."

The assistant district attorney general argued the sentence was valid and this court had found the petitioner's guilty pleas were valid. He also advised the trial court the State of Tennessee would not object if the court imposed a Range I sentence of one or two years for the weapons offense and ordered the two sentences to be served concurrently rather than consecutively. The assistant district attorney general asked the court not to set aside the guilty pleas since this court had found the pleas to be valid.

The petitioner argued this court's opinion in Dixon permitted him to withdraw his pleas of guilty and receive a trial on the merits by a jury of his peers. He reasoned that the plea agreement was conditional upon the imposition of the sentences, which formed the nucleus of the agreement. Since this court had ruled the sentence in the weapons offense was illegal, the plea agreement could not be enforced. He requested that the trial court permit him to withdraw both pleas of guilty and grant him a trial on both charges.

The trial court determined the petitioner's case had been remanded for resentencing for the weapons charge. In ruling, the court said:

4

> [T]he Court finds that this is a sentencing matter, and the Court accepts . . . the plea bargain agreement, with the exception of the weapons' charge, which the Court is reducing. . . . [T]he convictions on both of them stand. He stands convicted. . . . I will reiterate the convictions. The convictions stand. He is not reconvicted. The sentence[s] are . . . per the plea bargain agreement: He is sentenced to a period of imprisonment of 25 years, Range One, standard offender status, Department of Corrections . . . on . . . second degree murder.

> [O]n the weapons' charge, he is sentenced to a period of imprisonment of one year. That's a Range One, 30 percent standard offender status sentence -- workhouse, and that's suspended.

The trial court ruled the two sentences were to be served concurrently. Originally, it was agreed the two sentences were to be served consecutively.

The petitioner has appealed as of right from the judgment of the trial court. This court must now address the issues which the petitioner has presented for review.

## II.

As a general rule, issues decided in a prior appeal are binding upon the parties and the trial court upon remand. See Delk v. State, 590 S.W.2d 435 (Tenn. 1979); State v. Jefferson, 938 S.W.2d 1 (Tenn. Crim. App.), per. app. denied (Tenn. 1996); David Carney v. State, Davidson County No. 01-C-01-9012-CR-00336, 1991 WL 218287 (Tenn. Crim. App., Nashville, October 29, 1991), per. app. denied (Tenn. 1992). This is commonly referred to as the law of the case doctrine.

This doctrine is based upon the need for judicial economy. Jefferson, 938 S.W.2d at 8. Usually, an appellate court will not reconsider an issue after it has been previously decided by the court. However, as this court said in Jefferson:

> [T]he application of this doctrine is discretionary. It is not a restraint upon the powers of a court. Thus, a court may, in the exercise of its discretion, reconsider such an issue. If the facts and circumstances warrant, the court may resolve the issue differently than before.

Id.

The supreme court has now addressed the identical issue decided in Dixon. In Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), the supreme court ruled a hybrid sentence,

5

similar to the sentence in this case, was valid. The supreme court mentioned <u>Dixon</u> in the <u>Hicks</u> opinion. In summary, <u>Dixon</u> has been overruled by the supreme court. Thus, this panel of the court cannot invoke the law of the case doctrine.

## III.

In the case of <u>Hicks v. State</u>, <u>supra</u>, Hicks, like Dixon, entered into a plea agreement with the State of Tennessee. Hicks entered a plea of guilty pursuant to the plea agreement; the trial court imposed a hybrid sentence consisting of a Range II sentence of ten (10) years but ordered release eligibility as a Range I standard offender. This sentence was embodied in the plea agreement. As the supreme court stated:

> At issue in this post-conviction case is whether a plea bargained Range II sentence is valid when coupled with [a] Range I release eligibility. We conclude that such a sentence, when imposed as a result of a plea bargain agreement entered voluntarily and knowingly, is valid.

945 S.W.2d at 706 (footnotes omitted).

The supreme court held the defendant could not challenge the sentence in a post-conviction proceeding. In ruling, the court said "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." 945 S.W.2d at 709.

## IV.

The petitioner was not entitled to litigate the legality of his hybrid sentence in a post-conviction action. <u>Hicks v. State</u>, <u>supra</u>. He waived his right to complain about this sentence when he entered the pleas of guilty and accepted the sentences. Today, he is not entitled to litigate the issues he presents for review. These issues are nothing more than an extension of the initial post-conviction action.

The sentence imposed pursuant to the plea bargain was valid. The fact the trial court imposed the least onerous sentence for the weapons offense does not change the circumstances following the supreme court's decision in <u>Hicks</u>. In short, the facts and

6

circumstances presented in this case do not support the relief sought by the petitioner.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
CURWOOD WITT, JUDGE


7