**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

December 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| Appellee, | ) **C.C.A. NO. 01C01-9808-CC-00354** |
| | ) **(No. 9209 Below)** |
| VS. | ) |
| | ) **MAURY COUNTY** |
| HOUSTON GRADY CHAPMAN, | ) **The Hon. Jim T. Hamilton** |
| | ) |
| Appellant. | ) **(Denial of Motion to Correct Sentence)** |
| | ) |
| | ) **AFFIRMED PURSUANT TO RULE 20** |

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Upon reviewing the record, the appellant's brief, and the state's motion, we find that it is an appropriate matter for affirmance under Rule 20.

From the record, it appears that on August 21, 1996, the appellant entered a "best interest" plea to two counts of attempted second-degree murder and one count of aggravated burglary. As part of the agreement, he was sentenced to ten years for each count of attempted second-degree murder, to be served consecutively, and to three years for aggravated burglary. Subsequently, on March 30, 1998, the petitioner filed a motion to correct illegal sentence. Counsel was appointed to represent the appellant, and a hearing was held on August 14, 1998. On the same date, the trial court entered an order denying the motion.

On appeal, the appellant contends that his consecutive sentences are illegal because the trial court failed to inquire or make findings of fact as to the criteria supporting consecutive sentences and because the facts do not support the imposition of consecutive sentences.

In Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), the Supreme Court held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. at 709. Previously, in Patrick Williams v. State, No. 01C01-9506-CR-00190 (Tenn. Crim. App., filed May 9, 1996), this Court had applied the same reasoning to the imposition of consecutive sentencing pursuant to a plea agreement,

holding that consecutive sentencing is subject to plea negotiation. The same applies to the case now before the Court. Accordingly, the Court holds that the appellant's consecutive sentences are not illegal.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE