**\IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1999 SESSION**

FILED

October 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9804-CR-00162 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Rebecca Stern, Judge |
| **RICKY W. McELHANEY,** | * | (Post-Conviction--Burglary, Theft, Failure to Appear) |
| Appellant. | * | |

FOR THE APPELLANT:

RICKY W. McELHANEY
Pro Se
MCRCF-BMCX
P.O. Box 2000
Wartburg, TN 37887

FOR THE APPELLEE:

MICHAEL E. MOORE
Solicitor General

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Ricky W. McElhaney, appeals from the Hamilton County Criminal Court's order denying this "Motion for Re-sentence or Dismiss Illegal Sentence." In 1993, the petitioner pled guilty to one county of burglary, two counts of failure to appear (bond jumping), and one count of theft over $500. He was sentenced as a Range III persistent offender to an effective term of twenty-two years in the Department of Correction. The petitioner later filed a petition for post-conviction relief, alleging ineffective assistance among other claims. The trial court denied the requested relief and this Court affirmed that judgment. See Ricky W. McElhaney v. State, C.C.A. No. 03C01-9710-CR-00431 (Tenn. Crim. App. filed January 27, 1999, at Knoxville). Here, the trial court has denied the petitioner's motion because of lack of jurisdiction. We agree with the trial court and affirm the judgment.

## BACKGROUND

The petitioner alleges that he was sentenced pursuant to a plea on June 29, 1993, and the sentences were illegally modified on November 27, 1996. The record is void of any modification of his original plea agreement. The petitioner further alleges that he did not understand the true nature of his sentences, that he lacked "learning in the law," and that his plea was never explained to him by his attorney. Further, the petitioner complains that he should not have been sentenced as a Range III persistent offender as he did not qualify as such. Finally, the petitioner argues that three of the indictments charging him were defective.

## ANALYSIS

First, we note that this Court lacks jurisdiction to grant the requested relief because the petitioner's "Motion for Re-Sentence or Dismiss Illegal Sentence" is not a proper means of invoking our review. See Tenn. R. App. P. 3(b). Second,

the trial court dismissed the petitioner's motion because it lacked jurisdiction to hear said motion. Third, the petitioner has failed to cite any legal authority to support his argument that the trial court or this Court has any jurisdiction to hear his case or appeal. Therefore, pursuant to Rule 10b of the Tennessee Court of Criminal Appeals, the petitioner has waived this issue on appeal. See State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

In the event we were inclined to grant a full review of the petitioner's appeal, we would nevertheless affirm the judgment of the trial court. Considering the filing as a petition for post-conviction relief, it would be barred by the applicable statute of limitations. See Tenn. Code Ann. § 40-38-202(a). Further, the procedural history reveals that the petitioner previously filed a prior petition for post-conviction relief, and he is not entitled to a second. See Ricky W. McElhaney v. State, Hamilton County, C.C.A. 03C01-9710-CR-00431 (Tenn. Crim. App. filed January 27, 1999, at Knoxville).

As relates to the petitioner's allegation concerning the offender classification, our Supreme Court has held that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility. See Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997).

Finally, the petitioner contends that three of the indictments charging him were defective. This type of claim resembles a writ of habeas corpus. However, the petitioner's motion does not satisfy the prerequisites for consideration as a petition for a writ of habeas corpus. See Tenn. Code Ann. §§ 29-21-105, -107.

**CONCLUSION**

Accordingly, the trial court's denial of the motion is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge