IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2008

## STATE OF TENNESSEE v. MARK FREDRICK TAYLOR

**Direct Appeal from the Criminal Court for Sullivan County
Nos. S50,151 & S50,727     R. Jerry Beck, Judge**

_____

**No. E2007-02351-CCA-R3-CD - Filed July 9, 2008**

_____

The Defendant pled guilty to one count of attempt to obtain a controlled substance by fraud in case number S50,151 in exchange for an eight year sentence to be served on probation. He also pled guilty to one count of attempt to obtain a controlled substance by fraud and one count of fraudulently obtaining benefits for medical assistance in case number S50,727. For the controlled substance conviction, he received an eight year sentence to be served on probation concurrently with the sentence in case number S50,151. For the medical assistance conviction, the agreed sentence was six years, run consecutively to the other two sentences, with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court ordered the Defendant to serve his six year sentence in the Department of Correction. On appeal, the Defendant argues the trial court failed to make his pre-sentence report available and erred in sentencing him as a Range III offender. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Rob Starnes, Kingsport, Tennessee, for the Appellant, Mark Fredrick Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; H. Greeley Welles, District Attorney General; Joseph E. Perrin, Assistant District Attorney General, for the Appellee, the State of Tennessee.

**OPINION**

**I. Facts**

We initially point out that we review this appeal without the benefit of the facts underlying the offenses because the Defendant did not include in the record a transcript of the guilty plea

hearing. At the sentencing hearing, the trial court noted that the Defendant agreed to eight years probation on each controlled substance charge and six years on the medical assistance charge, all to be served as a Range III offender. Nevertheless, the court proceeded to outline, pursuant to the pre-sentence report, the following prior felony convictions: five convictions of burglary, one conviction of theft of property between $500 and $1000, one conviction of introducing drugs into jail, one conviction of theft of property between $1000 and $10,000, two convictions of grand larceny, and two convictions of breaking and entering. The Defendant's counsel then told the court that he did not have a copy of the pre-sentence report. The court responded that the pre-sentence report was filed on April 4, 2007, at 3:04 p.m., over five months before the hearing. The court added, "The recordings are public record. They've been available at any time." The court asked defense counsel, do "you want to look at it or come back tomorrow or Monday or what are you saying?" Counsel chose to review the report at that moment, so the court recessed, and, after court resumed, defense counsel stated that he reviewed the pre-sentence report and did not have an objection.

The Defendant then testified that he confessed to police that he passed a forged prescription at a Wal-Mart. He stated that he "made a big mistake" when he became involved with a woman named "Blizzard," but he believed in God and would attempt to "act better" going forward. He believed that he would become a successful citizen if he were allowed to attend a drug rehabilitation program, but he admitted he could not read or write. His wife had cancer, and he was taking care of his great-niece, and the Defendant claimed the child had "done something to [him]" and that he was now living his life more appropriately. He also stated his wife was a "good influence" on him.

The Defendant's wife, Michelle Renee Taylor, testified that the Defendant was "good-hearted" and that he did not want to do the "bad things he used to do."

After hearing this evidence, the trial court noted that the pre-sentence report listed sixty-five prior convictions, and the Defendant previously failed to complete probation. The court denied alternative sentencing and ordered the Defendant to serve his six year sentence in the Department of Correction. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court failed to make his pre-sentence report available and erred in sentencing him as a Range III offender.

### A. Presentence Report

The Tennessee Code requires that "[t]he presentence report shall be filed with the clerk of the court, and complete copies shall be made available to the parties within ten (10) days prior to the sentencing hearing which may be waived by consent of all parties and the court." T.C.A. § 40-35-208 (2006). Whether the presentence report was made available in accordance with this section of the Code is a question of fact, and, accordingly, "the findings of fact made by that court are binding upon the appellate court unless the evidence contained in the record preponderates against those

findings." *State v. Strode*, 232 S.W.3d 1, 8 (Tenn. 2007) (citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996); *State v. Moore*, 775 S.W.2d 372, 374 (Tenn. Crim. App. 1989)).

The trial court determined that the presentence report was filed on April 4, 2007, at 3:04 p.m., more than five months before the sentencing hearing on September 13, 2007. Accordingly, the Defendant had the opportunity to obtain the pre-sentence report at least five months prior to the sentencing hearing.

Even if, as the Defendant alleges, the pre-sentence report was not in the clerk's file when defense counsel made copies of it, the Defendant failed to request a continuance or otherwise object to the issue. When the Defendant noted the issue, the trial court took a recess and, upon returning, asked the Defendant if he had completed his review of the pre-sentence report. Defense counsel stated, "Your Honor, I don't – I – I've reviewed it, Your Honor. I don't know that I had an objection, Your Honor." Defense counsel then proceeded to call his first witness. Under these circumstances, the Defendant failed to "take whatever action was reasonably available to prevent or nullify the harmful effect of an error" because he did not object. Tenn. R. App. P. 36(a). The Defendant is not entitled to relief on this issue.

### B. Persistent Offender

Next, the Defendant complains that the trial court erred in sentencing him as a Range III "persistent" offender because the pre-sentence report "fails to describe in any detail the class of prior convictions." Further, the Defendant argues, only four of his prior convictions occurred in Tennessee. When a defendant challenges the length, range or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offense, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment.

3

*See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The Tennessee Code states that a "persistent offender" is one who has received "[a]ny combination of five (5) or more prior felony convictions within the conviction class or higher, or within the next two (2) lower felony classes, where applicable." T.C.A. § 40-35-107(a)(1) (2006). We first note that, pursuant to the Defendant's "Request for Acceptance of Plea of Guilty," the Defendant pled guilty with an understanding that he would be sentenced as a Range III "persistent" offender. Pursuant to case law, the Defendant's classification as a Range III offender is a legitimate bargaining tool. *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). Therefore, even if the Defendant did not have enough convictions to be classified by statute as a Range III offender, such a classification may be negotiated.

Second, even if the range was not bargained for, the Petitioner, convicted of a Class E felony here, has four convictions of burglary of an auto, burglary of a structure other than a habitation, theft of property between $500 and $1000, introducing drugs into jail, and theft of property between $1000 and $10,000. All of these felony convictions can be applied to qualify the Defendant as a Range III offender.

Finally, we also point out that the Defendant failed to object to the trial court's sentencing him as a Range III offender. *See* Tenn. R. App. P. 36(a) (stating that failure to object waives issue). As such, the Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and applicable law, we conclude that the Defendant is not entitled to relief, and the judgments of the trial court are affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

4