# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs in Knoxville December 18, 2013

## STATE OF TENNESSEE v. JOHNNY L. MCGOWEN, JR.[1]

### Direct Appeal from the Criminal Court for Davidson County
### No. 2003-C-2205    J. Randall Wyatt, Jr., Judge

---

### No. M2013-01654-CCA-R3-CD - Filed February 10, 2014

---

The appellant, Johnny L. McGowen, Jr., pled guilty in the Davidson County Criminal Court to aggravated assault and received an eight-year sentence to be served in confinement. On appeal, he contends that the trial court erred by refusing to grant his motion to reduce his sentence to probation. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and ROGER A. PAGE, J., joined.

Johnny L. McGowen, Jr., Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and James Sledge, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In July 2003, the Davidson County Grand Jury indicted the appellant for attempted second degree murder, alleging that he attempted to kill Robert R. Fuller on December 31, 2002. On September 23, 2005, the appellant pled guilty to aggravated assault, a Class C

---

[1]In all of the appellant's handwritten documents, he has spelled his last name as "McGowan." However, we have chosen to utilize the spelling that appears in the indictment.

felony. Pursuant to the plea agreement, he was sentenced as a Range III, persistent offender to eight years in confinement with a release eligibility of forty-five percent.[2] The sentence was to be served consecutively to a previous sentence.

On May 28, 2013, the pro se appellant filed a Petition for Probation, stating that the trial court had never considered him for alternative sentencing and requesting that the trial court grant him probation. On June 20, 2013, the trial court filed a written order, noting that the appellant was about to complete a twenty-year sentence for aggravated arson and begin serving his eight-year sentence in this case. The trial court ruled that probation "is not what the Petitioner agreed to. Moreover, the Court is of the opinion that even if it were inclined to modify the Petitioner's sentence, which it is not, the petition is time-barred under Rule 35 [of the Tennessee Rules of Criminal Procedure]."

## II. Analysis

On appeal, the appellant contends that this court should remand his case to the trial court "for probation considerations and resentencing." Rule 35(a), Tennessee Rules of Criminal Procedure, provides that a trial court "may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation." Our standard of review when considering a trial court's denial of a Rule 35 motion is whether the trial court abused its discretion. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). In this case, the appellant filed his motion for reduction of sentence almost eight years after his guilty plea, well-outside the 120-day time limit. Therefore, the trial court properly ruled that the motion was time-barred.

We note that in his appellate brief, the appellant contends that because his sentence was ten years or less, he was eligible for probation or some other form of alternative sentencing and that the trial court failed to advise him of that fact during his guilty plea hearing. In effect, the appellant is arguing that he did not plead guilty knowingly and voluntarily. However, the appellant failed to raise that issue in the trial court. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) (stating that "[o]rdinarily, issues raised for the first time on appeal are waived"). In any event, even if we were to treat the appellant's motion as a petition for post-conviction relief, the proper avenue for challenging the voluntariness of a guilty plea, his judgment of conviction became final in 2005. Therefore, the time for filing such a petition has expired. See Tenn. Code Ann. § 40-30-102 (providing that a defendant must file a petition for post-conviction relief within one-year

---

[2]The appellant agreed to be sentenced outside of the normal ten- to fifteen-year range pursuant to Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997)). See Tenn. Code Ann. § 40-35-112(c)(3).

from the date on which the judgment became final).

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE