IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 10, 2015

**STATE OF TENNESSEE v. DERRICK CAREY**

**Appeal from the Criminal Court for Davidson County**
**No. 93-B-762      Seth W. Norman, Judge**

---

**No. M2015-00185-CCA-R3-CD – Filed July 6, 2015**

---

The Petitioner, Derrick Carey, appeals the Davidson County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Derrick Carey, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On September 16, 1993, the Petitioner, Derrick Carey, pleaded guilty to first degree felony murder and especially aggravated robbery, a Class A felony. Pursuant to the plea agreement, he was sentenced to life imprisonment and 20 years at 30 percent, to be served consecutively. The Petitioner subsequently filed a petition for post-conviction relief alleging that his plea was not freely and voluntarily entered and that he received ineffective assistance of counsel. See Derrick M. Carey v. State, No. 01C01-9612-CR-00528, 1997 WL 766463 (Tenn. Crim. App. Dec. 12, 1997), perm. app. denied (Tenn. May 18, 1998; Mar. 15, 1999). This court affirmed the post-conviction court's denial of relief on appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id.

The Petitioner then sought habeas corpus relief, arguing that the Davidson County Criminal Court lacked jurisdiction to order consecutive sentencing because "Count 2 was ordered to run consecutively to Count 3 and Count 3 was ordered to run consecutively to Count 2" in the judgment forms. See Derrick M. Carey v. State, No. M2007-00683-CCA-R3-HC, 2008 WL 1699445, at *1 (Tenn. Crim. App. Apr. 11, 2008), perm. app. denied (Tenn. Sept. 15, 2008). The habeas corpus court summarily dismissed the petition, and this court affirmed. Id.

On December 30, 2014, the Petitioner filed a "Motion for Order Correcting Error in Judgment" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner asserted that his punishment was out-of-range and was not authorized by any sentencing statute. On January 16, 2015, the trial court entered an order summarily denying the motion. The order stated, in pertinent part:

> The Petitioner contends that his plea to 20 years on especially aggravated robbery is illegal in that it is greater than the statutorily prescribed minimum sentence of 15 years as a Range I offender, or alternatively, 13.5 years as a mitigated offender. He claims that he should have been sentenced as such and that the Court's imposition of a sentence greater than the statutory minimum is in contravention of T.C.A. § 40-35-210(c)(1).

> T.C.A. § 40-35-210 sets forth the provisions governing the imposition of sentences in criminal cases. However, the very first lines of the aforementioned section of the statute indicates that the guidelines therein are to be followed by the sentencing court "[a]t the conclusion of the sentencing hearing." T.C.A. 40-35-210(a) (emphasis added). The convictions in the case under examination were imposed as the result of a guilty plea agreement. "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997). As the agreed-upon sentence in this matter was not greater than the 60-year maximum sentence for a class A felony, it does not appear as though the sentence in this matter is illegal. See T.C.A § 40-35-111(b)(1).

The Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence. He maintains that he "unfortunately has pled

guilty to an impermissible sentence" and that "his punishment extends beyond that which is authorized by statute[.]" As a result, the Petitioner asserts that the trial court accepted a guilty plea that deviated from applicable sentencing statutes. The State responds that the trial court properly dismissed the motion because the Petitioner failed to state a colorable claim of an illegal sentence. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

In his brief, the Petitioner contends that his life sentence is illegal under the 1989 Sentencing Act because as a Range I, standard offender sentenced to a Class A felony, his sentence should not have exceeded 25 years. He further asserts that because there were no enhancement factors or prior felonies in his record, "the punishment should be reduced to that of 13.5 years as a class A felony [for a mitigated offender]." Additionally, he appears to argue that the trial court erred in not imposing a "specific" length for his life sentence.

Considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. Regarding the Petitioner's claim that his life sentence is illegal, we note that a first degree felony murder conviction is not a Class A felony. See Leslie L. Coleman v. Jim Morrow, No. E2010-02299-CCA-R3-HC, 2011 WL 3667724, at *2 (Tenn. Crim. App. Aug. 22, 2011), perm. app. denied, (Tenn. Dec. 14, 2011) ("First degree murder, including felony murder, is not now and was not then a Class A felony. It was, and remains, in a class by itself, an offense classified even higher than a Class A felony"). At the time of the Petitioner's offense, first degree felony murder was punishable by a mandatory minimum of life imprisonment. T.C.A. § 39-13-202(a)(2), (b)(3) (1993). Therefore, the Petitioner received an authorized sentence. Regarding his contention that a life sentence is impermissible because it is not a "determinate" sentence, we note that the 1989 Sentencing Act provides that "[s]pecific sentences for a felony shall be for a term of

years or months or life[.]" T.C.A. § 40-35-211(1) (1993). Thus, life imprisonment clearly qualifies as a determinate sentence within the meaning of the statute. Finally, the Petitioner's mid-range 20-year sentence for especially aggravated robbery was permissible, and the trial court was authorized to impose consecutive sentencing for the multiple convictions. See T.C.A. §§ 39-13-403(b), 40-35-112(a)(1), -115 (1993). Because the Petitioner's sentences were authorized by law, we affirm the summary dismissal of his Rule 36.1 motion.

## **CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE