IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**STATE OF TENNESSEE v. JAMES M. GRANT**

**Appeal from the Criminal Court for Davidson County**
**No. 96-D-1897     J. Randall Wyatt, Jr., Judge**

_____

**No. M2016-00540-CCA-R3-CD – Filed August 10, 2016**

_____

Defendant, James M. Grant, appeals the denial of his motion filed pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure in which he claimed that he received an illegal sentence after a 1998 guilty plea to one count of facilitation of first degree murder and two counts of attempted first degree murder. Upon our review of the record and applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

James M. Grant, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In October of 1996, Defendant was indicted for first degree murder, attempted aggravated robbery, aggravated robbery, and two counts of attempted first degree murder. Defendant entered a guilty plea to facilitation of first degree murder and two counts of attempted first degree murder. As part of the guilty plea, Defendant agreed to be

sentenced outside of his range on the facilitation of first degree murder charge to forty years as a Range II offender. This sentence was ordered to be served consecutively to two concurrent sentences of twenty-five years for each count of attempted first degree murder as a Range I offender.

Defendant subsequently sought habeas corpus relief, alleging that his judgments were void because the trial court failed to award pretrial jail credit. *James Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208, at *1 (Tenn. Crim. App. Oct. 2, 2006), *no perm. app. filed*. This Court affirmed the habeas court's dismissal of the petition because Defendant filed the petition in the wrong court. Additionally, the court determined Defendant failed to present a colorable claim for habeas corpus relief because the trial court had already correctly applied the pretrial jail credits to the sentence. *Id.* at *3.

On February 26, 2016, Defendant filed a motion to correct and void sentences imposed pursuant to a plea agreement. Defendant claimed authority for the motion pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court entered an order on March 2, 2016, denying the motion on the basis that out of range plea agreements are permitted where a defendant knowingly and voluntarily agrees to be sentenced outside the range and that Defendant specifically waived any challenge regarding the range of punishment as part of his guilty plea. It is from this order that Defendant appeals.

*Analysis*

Rule 36.1 of the Tennessee Rules of Criminal Procedure provides a procedural mechanism for either the defendant or the state to seek correction of an illegal sentence. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

Historically, a "knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997); *see also State v. Marcus Grady Hodge*, No. M2015-01225-CCA-R3-CD, 2016 WL 1166356, at *2 (Tenn. Crim. App. Mar. 24, 2016), *no perm. app. filed*. Defendant in this case has not alleged that his plea agreement was involuntary or unknowing. He merely alleges that his plea was illegal because he was sentenced out of range—even claiming in a reply brief that "such a sentence could not be waived based on an agreed

range classification, because sentencing is jurisdictional." We disagree. Under current law, the prosecution and the defense "may agree to a 'hybrid' sentence that 'mixes and matches' range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain so long as (1) the term of years is within the overall range of years specified for the offense, and (2) the [release eligibility date] is not less than the minimum allowable for the offense." *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010) (citations omitted). Defendant did not state a colorable claim and is not entitled to relief. Therefore, the trial court properly dismissed Defendant's motion.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE