FILED
11/14/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 5, 2018 Session

## STATE OF TENNESSEE v. JAMEEL DAVIS

**Appeal from the Circuit Court for Dyer County**
No. 16-CR-81      R. Lee Moore, Jr., Judge

_____

### No. W2017-02092-CCA-R3-CD
_____

The Appellant, Jameel Davis, pled guilty in the Dyer County Circuit Court to conspiracy to commit aggravated robbery, a Class C felony, and received an eight-year sentence. Pursuant to the plea agreement, he was released from jail and placed on supervised probation for seven years, three months. On appeal, the Appellant contends that the trial court erred by revoking his probation and ordering that he serve his sentence in confinement. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

James E. Lanier (on appeal) and H. Tod Taylor (at hearing), Dyersburg, Tennessee, for the appellant, Jameel Davis.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Waddell Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

In April 2016, the Dyer County Grand Jury indicted the Appellant for aggravated robbery, a Class B felony, and evading arrest, a Class E felony, committed on March 3, 2016. On December 12, 2016, the Appellant pled guilty to conspiracy to commit aggravated robbery, a Class C felony, and the State dismissed the charge of evading arrest. The plea agreement provided for a Range II sentence of eight years coupled with

a Range I release eligibility of thirty percent pursuant to Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). The Appellant was immediately released from jail and ordered to serve seven years, three months on supervised probation.[1]

On January 31, 2017, the Appellant's probation supervisor filed a probation violation report, alleging that the Appellant violated the terms of his probation by failing to provide proof of employment, reporting an address to his probation supervisor but not living at that address, failing to report to his probation supervisor, testing positive for marijuana on December 12, 2016, and owing $82 in delinquent probation fees and failing to provide proof of court cost payments. A probation violation warrant was issued that same day. On June 15, 2017, the Appellant was arrested for simple possession of marijuana and served with the probation violation warrant.

At the probation revocation hearing, Jerrell Malone, the Appellant's probation supervisor, testified that he began supervising the Appellant on the day of the Appellant's guilty plea, December 12, 2016. The Appellant received an eight-year sentence, which was suspended to time served in jail. On January 31, 2017, Malone filed a probation violation report because the Appellant had not provided proof of employment since being placed on probation, reported his address as Shaeffer Street in Dyersburg but was not living at that address, and "failed to respond to home checks attempted on December 28, 2016, December 29, 2016, and January 13, 2017." Malone said that he met with the Appellant on December 12, 2016, for the Appellant's initial interview but that he did not see the Appellant after that date. Malone stated, "I didn't see him anymore until the warrant, until the violation warrant was served." Malone sent letters to the Appellant and tried to telephone him but got no response.

Malone testified that in addition to those violations, the Appellant violated his probation by testing positive for marijuana at his initial interview on December 12, 2016. Due to the failed drug screen, Malone made an appointment for the Appellant to meet with a forensic social worker on December 20, 2016. However, the Appellant did not show up for the appointment. When Malone filed the probation violation report, the Appellant owed $82 in delinquent probation fees and had not provided any proof of court cost payments in Dyer County Circuit Court. At the time of the revocation hearing, the Appellant's fee balance was $75, and Malone was unaware of any court cost payments.

Malone testified that on June 15, 2017, the Appellant was arrested for simple possession of marijuana and served with a probation violation warrant. The Appellant pled guilty to the marijuana charge on June 16, 2017. That same day, Malone filed a

---

[1] The judgment of conviction reflects that the Appellant received pretrial jail credit from March 3, 2016, to December 5, 2016.

- 2 -

follow-up probation violation report because the Appellant had been charged with simple possession on June 15 and still had not reported to Malone since December 12, 2016. On June 19, 2017, the Appellant made bond for the probation violation, reported to Malone, and was drug tested. The Appellant tested positive for marijuana, so Malone filed a second follow-up probation violation report on June 27, 2017, for the positive drug test.

Malone testified that after the Appellant made bond for the probation violation, he came into Malone's office and gave Malone his current address as Brayton Avenue. Moreover, the day before the probation revocation hearing, the Appellant kept a scheduled appointment with Malone and told Malone that he was starting a job at Colonial Rubber. Malone said he had been unable to verify the Appellant's employment with Colonial Rubber. Since the initial probation violation report's filing on January 31, 2017, the Appellant had met with Malone five times. Malone acknowledged that after the Appellant made bond for the probation violation, the Appellant kept all of his monthly probation appointments.

The Appellant testified that after he was released from jail on December 12, 2016, he did not report to Malone. He explained:

> the main reason was, I didn't have any family support basically, you know what I'm saying. I was all on my own. My immediate family lives in Milwaukee so, I'm here living with aunts and cousins. So, I was basically having to fend for myself. And I'm not using that as an excuse and I would never use it. But, I, it, it caused me to make bad decisions.

The Appellant said that he currently was employed with Colonial Rubber making air conditioner parts for Ford Trucks and that he just completed his first full week of employment. Prior to working for Colonial Rubber, he worked for Ermco for three months. Defense counsel asked if the Appellant had addressed his problem with marijuana, and the Appellant answered, "Honestly, no, because I . . . started working and got my life on track." The Appellant said he took "full responsibility" for his positive drug screen on June 19 and his guilty plea to simple possession.

On cross-examination, the Appellant acknowledged that he did not start reporting to his probation supervisor for five months. He said that he had been "living from family member to family member" his entire life, that he did not live on Schaeffer Street because he was homeless, and that he did not have a cellular telephone.

Defense counsel recalled Jerrell Malone to the stand. Malone acknowledged that the Appellant used to work for Ermco.

At the conclusion of the hearing, the trial court found that the Appellant violated his probation by testing positive for marijuana on December 12, 2016, giving his address as Schaeffer Street when he did not live there, failing to report to his probation supervisor, failing to respond to home checks, and pleading guilty to marijuana possession in June 2017. The trial court stated, "You were not at that time, evidently, doing anything that you were supposed to do." The court noted that after the Appellant was arrested and made bond on the probation violation warrant in June 2017, he again tested positive for marijuana. The trial court stated, "Mr. Davis, you could be a poster child for someone who did nothing right on probation." The court revoked the Appellant's probation and ordered that he serve his sentence in confinement.

## II. Analysis

The Appellant does not contest that he violated his probation but asserts that the trial court erred by revoking his probation and ordering that he serve his sentence in confinement because he was "in his early 20s" and because his guilty plea to conspiracy to commit aggravated robbery was his first serious "brush" with criminal law. He acknowledges that he did not "get off on the correct foot with probation" but contends that he took responsibility for his conviction of simple possession, gained employment, and started meeting with his probation supervisor. The State argues that the trial court did not abuse its discretion by revoking the Appellant's probation and ordering that he serve his sentence in confinement. We agree with the State.

Upon finding by a preponderance of the evidence that an appellant has violated the terms of his probation, a trial court is authorized to order the appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The Appellant admits that he violated his probation. Therefore, the trial court did not abuse its discretion by revoking his probation. Moreover, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No.

01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Accordingly, we have no hesitation in concluding that the trial court did not err by ordering that the Appellant serve his eight-year sentence in confinement.

### III. Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE