IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

**FILED**

October 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9902-CC-00065 |
| Appellee, | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| BENJAMIN CHRISTOPHER ASHWORTH, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

KEVIN W. SHEPHERD
404 Ellis Avenue
Maryville, TN 37804

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

KIRK E. ANDREWS
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

A Blount County grand jury indicted the defendant, Benjamin Christopher Ashworth, for two counts of aggravated child abuse and neglect on June 2, 1997. The defendant pleaded guilty to one count of aggravated assault and one count of child abuse and neglect. As part of his plea agreement, the defendant agreed to accept a six-year sentence as a Range I offender on the aggravated assault charge and a four-year sentence as a Range I offender on the child abuse and neglect charge. The plea agreement also required the sentences to run consecutively with a thirty percent release eligibility date. The defendant stated during the plea colloquy that he understood the terms of the agreement and the applicable waiver of rights. The trial court sentenced the defendant in accordance with the agreement on March 12, 1998. The judgment was entered on April 8, 1998. The defendant filed a motion for resentencing which was denied on November 5, 1998. The defendant filed his notice of appeal on February 2, 1999, challenging the imposition of consecutive sentencing. He argues the trial court's failure to cite the factors justifying consecutive sentencing deprived him of due process because the plea agreement was not entered into knowingly. Based on our review, we affirm the decision of the trial court.

Tennessee Rule of Appellate Procedure 4(a) requires the notice of appeal to be filed within thirty days of the entry of judgment. Tenn. R. App. P. 4(a). The defendant did not file his notice of appeal until fifty-eight days after the entry of judgment. For this reason, the present appeal was not timely filed and is not properly before this Court. However, the appeal also fails on the merits.

The defendant raises one issue on appeal:

> Did the trial court properly sentence the Defendant to consecutive sentencing where the court failed to state the reason for consecutive sentencing, even though the Defendant entered into a plea agreement for consecutive sentencing?

Before a trial court may accept a guilty plea, there must be an affirmative showing that the agreement was intelligently and voluntarily made. Boykin v. Alabama, 395 U.S.

2

238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977); State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, *i.e.*, that he has been made aware of the significant consequence of such a plea; otherwise, it will not amount to an 'intentional abandonment of a known right.'" Mackey, 553 S.W.2d at 340.

The defendant was represented by counsel during the three months leading up to his sentencing hearing. He admits he entered into the guilty plea voluntarily. From a review of the record, it is apparent the defendant also entered into the guilty plea intelligently and knowingly. The trial court explained the effect of a guilty plea and the rights the defendant waived by entering the plea. Even though he knew he was agreeing to a ten-year sentence with a thirty percent release eligibility date, the defendant indicated he understood this sentence was less severe than the sentence he could have received for a conviction on two counts of aggravated child abuse and neglect. The voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea. Pettus, 986 S.W.2d at 542 (citing Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); Wallen v. State, 863 S.W.2d 34, 38-39 (Tenn.1993)).

The defendant complains the record does not reflect a justification for the imposition of consecutive sentences as agreed to in the plea agreement. However,

> it is commonly known that the plea-bargain process involves a certain amount of "give and take" so as to reach a resolution that is acceptable to both the State and the defendant. Often, this process includes exaggeration or understatement of the facts and circumstances of the offense. Specifically, we have upheld plea-bargain agreements and resultant sentences in cases where the defendant has accepted a sentence in a range higher than called for by the indicted offense.

Pettus, 986 S.W.2d at 543. In addition, this Court has previously held that consecutive sentencing is subject to plea negotiations. State v. Houston Grady Chapman, No. 01C01-9808-CC-00354, 1998 WL 855441, at *1 (Tenn. Crim. App., Nashville, Dec. 11, 1998);

3

<u>Patrick Williams v. State</u>, No. 01C01-9506-CR-00190, 1996 WL 233982, at *4-5 (Tenn. Crim. App., Nashville, May 9, 1996). It is axiomatic that when the defendant made his plea bargain, he waived his right to later repudiate that to which he had agreed.

For the foregoing reasons, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE