IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2016

**STATE OF TENNESSEE v. VICTOR SHARMELL SPARKMAN**

**Appeal from the Circuit Court for Maury County**
**No. 19709     Robert L. Jones, Judge**
_____

**No. M2016-00444-CCA-R3-CD – Filed February 13, 2017**
_____

Defendant, Victor Sharmell Sparkman, filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that he received illegal sentences for his convictions of second degree murder, Range I, 33 years with a release eligibility of "violent 100%" and especially aggravated robbery, Range I, 33 years with a release eligibility of "violent 100%" pursuant to a negotiated plea agreement. The trial court denied the motion without a hearing, and Defendant has appealed. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Victor Sharmell Sparkman, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was originally indicted by the Maury County Grand Jury for one count of first degree felony murder, seven counts of especially aggravated robbery, and one count of especially aggravated burglary. Pursuant to the negotiated plea agreement, he pled guilty to second degree murder, a lesser included offense of first degree felony murder, one count of especially aggravated robbery, especially aggravated burglary, and two counts of aggravated robbery as lesser included offenses to charges of especially aggravated robbery. The remaining four charges of especially aggravated robbery were dismissed pursuant to the negotiated plea agreement.

In his Rule 36.1 motion, Defendant asserts that only his concurrent sentences of 33 years each for second degree murder and especially aggravated robbery are illegal. He does not assert that his concurrent sentences of 10 years for especially aggravated burglary and 10 years for each conviction of aggravated robbery are illegal. Therefore, we will address only the sentences for second degree murder and especially aggravated robbery.

Both second degree murder and especially aggravated robbery are Class A felonies. T.C.A. §§ 39-13-210(c), 39-13-403(b). The authorized term of imprisonment for a Class A felony is "not less than fifteen (15) nor more than sixty (60) years." T.C.A. § 40-35-111(b)(1). A Range I standard offender sentence for a Class A felony is "not less than fifteen (15) nor more than twenty-five (25) years." T.C.A. § 40-35-112(a)(1). A Range II multiple offender sentence for a Class A felony is "not less than twenty-five (25) nor more than forty (40) years." T.C.A. § 40-35-112(b)(1).

The judgments for Defendant's convictions for second degree murder and especially aggravated robbery both state on the face thereof that his "offender status" is a "standard" offender, which has a Range I sentence of 15 to 25 years, as noted above. However, each judgment imposes a sentence of 33 years. Each judgment further notes that the "release eligibility" is "violent 100%." T.C.A. § 40-35-501(i)(1) and (2)(B) and (E) mandate that 100% of the sentences imposed for both second degree murder and especially aggravated robbery must be served, less sentence credits earned and retained, but not by more than 15% of the sentence.

The "Special Conditions" box of each judgment reflects that the "out of range" sentence of 33 years for a Range I offender is the result of a negotiated plea agreement.

In his appellate brief, Defendant asserts that the sentences imposed for his convictions of second degree murder and especially aggravated robbery are illegal sentences. Defendant asserts his negotiated plea agreement specifically provided that his Range I offender status for each sentence required that he have a 30% release eligibility for his "out of Range I" sentence of 33 years. He alleges that, unknown to Defendant, but known to the State, the sentences for his convictions are statutorily required to be served without release eligibility (violent 100%).

Defendant argues that his *plea agreement* was for a "Range II" sentence of 33 years in each case, with a normal Range I 30% release eligibility for each sentence of 33 years. Defendant correctly points out that a 30% release eligibility is not authorized by statute, and is in fact in direct contravention of the 100% "no release eligibility" mandate of T.C.A. § 40-35-501. However, while the *plea agreement* may very well have

contained a key provision that would result in an illegal sentence *if it had been imposed*, the judgments correctly reflected that his "release eligibility" was "violent 100%" and *not* "standard 30%," so that part of each judgment is obviously not "illegal."

The comment in the "Special Conditions" section of the judgment pertaining to the second degree murder conviction states in its entirety as follows:

> Defendant agrees, pursuant to *Hicks v. State*, 945 S.W. 2d 706 (Tenn. 1997), the above Range II sentence coupled with a Range I release eligibility is valid when said sentence is imposed as a result of a plea bargain agreement entered voluntarily and knowingly. A knowing and voluntary guilty plea waives any irregularity as to the offender classification or release eligibility.

"Range I release eligibility," as referred in the above quote, is normally a 30% release eligibility. T.C.A. § 40-35-501(c).

The "Special Conditions" box of the judgment reflecting the conviction for especially aggravated robbery states in its entirety:

> The Defendant agrees that he is being subjected to sentencing in the Range II sentencing range, which, for this Class A felony conviction, is **from twenty-five (25) to forty (40) years**. The Defendant shall maintain his Range I release eligibility status, but shall be subject to sentencing at Range II sentence length. The Defendant agrees and understands that this arrangement is informed and voluntary, and the result of a bargained-for exchange. The Defendant expressly waives any objection to his sentence length on both direct appeal and any post-conviction proceeding. The State avers that such an agreement constitutes a "hybrid plea" under the authority of *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997).

Again, "Range I release eligibility status" as stated in the above quote is normally a 30% release eligibility. T.C.A. § 40-35-501(c).

However, for *all* Range I sentences for convictions of statutorily defined violent offenses, including second degree murder and especially aggravated robbery, the release eligibility status is "violent 100%." T.C.A. § 40-35-501(i)(1)(B) and (E).

The term "30% release eligibility" is not specifically mentioned in the "Special Conditions" section of either judgment, even though Defendant asserts that his plea

agreement specifically included a provision that his release eligibility for each sentence would be 30%. We note that the judgments for the convictions of two counts of aggravated robbery and one count of especially aggravated burglary each contain a provision for a release eligibility of "Standard 30%" for within-range sentences of 10 years for each of these Class B felonies.

A transcript of the guilty pleas submission hearing is not in the appellate record; neither are the negotiated plea agreement documents. From the record available, the release eligibility of "violent 100%" set forth in the judgments is mandated by statute and clearly legal. *If* Defendant negotiated for a 30% release eligibility, *and* each judgment reflected the imposed sentence for second degree murder and especially aggravated robbery with a 30% release eligibility, *that* sentence would directly contravene an applicable statute and would therefore be an illegal sentence. However, that is not what occurred.

Rule 36.1 provides in part that "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Rule 36.1(a)(2). Furthermore, the rule provides that "[i]f the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Our supreme court has held, "we conclude, for the purposes of Rule 36.1, that 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

A defendant has not received an "illegal sentence" for the purposes of Rule 36.1 just because the sentence he understood he would receive in a negotiated plea agreement would have been illegal had it been imposed. If the sentence received by the defendant is a legal sentence, then even if the legal sentence is contrary to a negotiated plea agreement, a defendant is not entitled to relief pursuant to Rule 36.1. The defendant might be entitled to relief pursuant to a timely filed post-conviction relief petition, or to a timely filed motion to withdraw guilty plea(s), but he cannot get relief pursuant to Rule 36.1 when the sentence imposed in the judgment is valid on its face. The definition for "illegal sentence" for purposes of Rule 36.1 is the same as the definition for "illegal sentence" in habeas corpus proceedings. *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). "The legality of the sentences . . . generally may be determined by simply comparing the judgment order against the relevant statutes." *Cantrell v. Easterling*, 346 S.W.3d 445, 455 (Tenn. 2011). As shown above, when using this test, Defendant's sentences for second degree murder and especially aggravated robbery are not illegal.

A sentence with a Range I release eligibility, but also with a Range II sentence length, is known as a "hybrid" sentence and is permissible and therefore not an "illegal

sentence" because the trial court has the statutory authority to impose such a sentence pursuant to a negotiated plea agreement between a defendant and the State. *Hicks v. State*, 945 S.W.2d 706, 708-09 (Tenn. 1997). In this case, however, Defendant pleaded guilty to offenses requiring 100% service regardless of whether Defendant's agreed-upon release eligibility is designated Range I or Range II. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court dismissing Defendant's motion to correct illegal sentences is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE