IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 2, 2019

## STATE OF TENNESSEE v. DEREK CUNNINGHAM

**Appeal from the Criminal Court for Shelby County**
**No. 14-01981        W. Mark Ward, Judge**

_____

### No. W2018-02075-CCA-R3-CD
_____

Defendant, Derek Cunningham, appeals from the denial of his motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. Because Defendant has failed to state a colorable claim for relief, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Derek Cunningham, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Grand Jury indicted Defendant for first degree premeditated murder, felony murder, especially aggravated robbery, and aggravated robbery. *Derek Cunningham v. State*, No. W2016-01974-CCA-R3-PC, 2017 WL 2972229, at \*1 (Tenn. Crim. App. July 12, 2017), *perm. app. denied* (Tenn. Oct. 5, 2017). Defendant reached an agreement with the State and pled guilty to second degree murder. *Id.* As a result, Defendant received a sentence of thirty years of incarceration. *Id.* Subsequently, Defendant sought post-conviction relief, to no avail. *Id.* Defendant has filed two motions for correction of an illegal sentence. In its order denying the second motion, the trial court remarked that Defendant's second motion was "identical" to his prior motion and instructed Defendant to "stop re-filing the same previously denied motion." It is from the order denying his second motion that Defendant now appeals.

On appeal, Defendant argues that his thirty-year sentence for second degree murder is an illegal sentence. The State responds that the sentence is legal and that Defendant has not presented a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593.

Defendant claims that he should not have been classified as a Range II, multiple offender; thus, his thirty-year sentence is illegal because it is above the maximum of twenty-five years for a Range I, standard offender Class A felony sentence. However, our supreme court has held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). Defendant has waived any challenge to his offender classification. Furthermore, it is the statutorily authorized punishment range for the offense that is considered when determining if a sentence is illegal. *Hoover v. State*, 215 S.W.2d 776, 779 (Tenn. 2007). Defendant pled guilty to second degree murder, a Class A felony, which carries a maximum authorized sentence of sixty years. *See* T.C.A. § 40-35-112(c)(1). Defendant's thirty-year sentence is well under the statutorily authorized maximum sentence, and he has not presented a colorable claim for relief.

Accordingly, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE