IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2024

**STATE OF TENNESSEE v. BOBBY V. SUMMERS**

**Appeal from the Criminal Court for Davidson County**
**No. 2018-B-885     Angelita Blackshear Dalton, Judge**

———————————————————

**No. M2023-01589-CCA-R3-CD**

———————————————————

Bobby V. Summers, Defendant, appeals from the trial court's summary dismissal of his *pro se* Tennessee Rules of Criminal Procedure Rule 36.1 motion in which he sought to have his plea-bargained conviction for facilitation of first degree murder dismissed. Defendant's motion did not seek correction of his sentence, and the trial court found that the motion failed to state a colorable claim. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and MATTHEW J. WILSON, JJ., joined.

Bobby V. Summers, Henning, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Jeffrey Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. Pursuant to a plea agreement, Defendant entered a *Hicks* guilty plea to facilitation of first degree premeditated murder in exchange for a sentence of twenty years with an out-of-range, sixty percent release eligibility. *See State v. Hicks*, 945 S.W.2d 706 (Tenn. 1997). The judgment of conviction was entered on August 21, 2019.

On November 28, 2022, Defendant filed a *pro se* petition for post-conviction relief in which he claimed that he received ineffective assistance of counsel and that his conviction was based on an "unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea." *Summers v. State*, No. M2023-00103-CCA-R3-PC, 2024 WL 111292, at *1 (Tenn. Crim. App. Jan. 10, 2024), *perm. app. denied* (Tenn. June 20, 2024). Defendant also claimed that his conviction was illegal and void because he could not be convicted of facilitation "without the prior conviction of the principal offender." *Id.* at *2. This court affirmed the post-conviction court's summary dismissal of the petition as time-barred. *Id.* at *3.

During the pendency of his post-conviction appeal, Defendant filed four *pro se* Rule 36.1 motions, each of which the trial court summarily dismissed.[1] The orders dismissing the first three motions were attached to Defendant's fourth Rule 36.1 motion, and we will briefly summarize the first three Rule 36.1 motions based on those orders.

On March 8, 2023, Defendant filed his first Rule 36.1 motion asserting "the same or similar claims" asserted in his previous post-conviction petition, including a claim that his conviction was void because he received ineffective assistance of counsel. The trial court found that Defendant failed to show that his sentence was not authorized by applicable statutes or that it directly contravened an applicable statute. On March 21, 2023, the court summarily dismissed the motion.

On April 18, 2023, Defendant filed his second Rule 36.1 motion. Based on the April 24, 2023 Order dismissing the motion, Defendant claimed that his sentence was illegal because facilitation "was not a lesser included offense of first degree murder," because a conviction for facilitation "requires the involvement of two parties," and because there was "nothing in the indictment that relates to facilitation." The trial court found that Defendant failed to show that his sentence was not authorized by the applicable statutes or directly contravened an applicable statute. The court summarily dismissed the motion for failure to state a colorable claim.

On August 1, 2023, Defendant filed his third Rule 36.1 motion claiming his sentence was illegal "because he pled to an offense that was not proven on the principal suspect." He argued that he could not, therefore, be guilty of accessory before the fact. The court noted that "Tennessee does not recognize the offense of accessory before the fact," that

---

[1] Based on our search in C-Track, the case management system of the Appellate Court Clerk's Office, Defendant did not appeal the summary dismissal of his first three Rule 36.1 motions. During our search, we noticed that Defendant filed two additional Rule 36.1 motions, one on June 4, 2024, and another on June 10, 2024, both of which were summarily dismissed in a single order of the trial court dated June 18, 2024. Defendant appealed the dismissal of the two motions. The appeal is docketed as M2024-00881-CCA-R3-CD.

Defendant "did not enter a plea to the offense of accessory before or after the fact," and that Defendant failed to demonstrate that his sentence was illegal. The court dismissed the motion for failure to state a colorable claim.

On October 17, 2023, Defendant filed his fourth Rule 36.1 Motion, which is the basis of this appeal. Defendant claimed that he was illegally convicted of facilitation under Tennessee Code Annotated section 39-11-403 because no other person was indicted for the murder and no one aided or abetted him. He asked the trial court to dismiss his conviction for facilitation of first degree murder. The trial court summarily dismissed the motion for failure to state a colorable claim, and Defendant timely appealed.

**Analysis**

Defendant's brief presents eleven issues for review, all of which challenge his conviction for facilitation of first degree murder. The State argues that the trial court properly dismissed the motion for failing to state a colorable claim. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Wooden*, 478 S.W.3d at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id*. Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Id*. at 598.

A judgment in a criminal case includes both a conviction and a sentence. *Cantrell v. Easterling*, 346 S.W.3d 445, 456 (Tenn. 2011). The conviction and the sentence "are distinct and severable components of the judgment." *Id*. Rule 36.1 provides a procedure for correcting an illegal *sentence*. *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014). Rule 36.1 "does *not* provide an avenue for seeking the reversal of *convictions*." *Id*. (emphasis in original).

As part of the plea agreement, Defendant was allowed to plead to the lesser-included offense of facilitation of first degree murder in exchange for a twenty-year sentence with an agreed out-of-range release eligibility to avoid a trial where he could have been convicted of first degree murder and sentenced to life. Facilitation of first degree murder is a Class A felony, and Defendant, upon his plea of guilty, was subject to a sentence of

"not less than fifteen (15) nor more than twenty-five (25) years."  Tenn. Code Ann. § 40-35-112(a)(1) (2019).  Defendant's twenty-year sentence was authorized by the applicable statute at the time Defendant committed the offense.  Defendant has failed to show that his sentence was not authorized by the applicable statute or that his sentence directly contravenes an applicable statute.

## Conclusion

We affirm the trial court's summary dismissal of Defendant's Rule 36.1 motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE