# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 12, 2024

## STATE OF TENNESSEE v. DEREK CUNNINGHAM, JR.

**Appeal from the Criminal Court for Shelby County**
**No. 14-01981       W. Mark Ward, Judge**

**No. W2024-00292-CCA-R3-CD**

FILED

NOV 18 2024

Clerk of the Appellate Courts
Rec'd By

Petitioner, Derek Cunningham, Jr., claims that the trial court erred by summarily denying his pro se Petition for Writ of Error Coram Nobis and his pro se Motion to Correct an Illegal Sentence, both for failing to state a colorable claim. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Derek Cunningham, Jr., Wartburg, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

"A Shelby County Grand Jury indicted [P]etitioner for first degree premeditated murder, felony murder, especially aggravated robbery, and aggravated robbery." *Cunningham v. State*, No. W2016-01974-CCA-R3-PC, 2017 WL 2972229, at *1 (Tenn. Crim. App. July 12, 2017), *perm. app. denied* (Tenn. Oct. 5, 2017). Pursuant to a plea agreement, Petitioner pleaded guilty to second degree murder and was sentenced to an out-of-range sentence of thirty years' incarceration. *Id.*

Petitioner testified at the post-conviction hearing "that he would not have accepted his plea agreement if he had known that he was not eligible for parole." *Id.* at *2. Petitioner

claimed "that[,] although he knew he was pleading to a thirty-year sentence, he did not know the difference between the range classifications." *Id.* Petitioner claimed "that he should have been sentenced as a mitigated or standard offender because he did not have a prior felony conviction as an adult" and "that trial counsel 'basically' forced him to plead guilty." *Id.*

This court stated the following concerning the plea colloquy:

> [Petitioner] testified that trial counsel reviewed and explained all of the legal rights that he was waiving by pleading guilty. He stated that he understood the legal rights that he was waiving. He also stated that he understood that it was his decision whether to plead guilty, he had a right to a jury trial, and he had a right to confront and cross-examine witnesses. [Petitioner] testified that he understood that by accepting his guilty plea, he was agreeing to a thirty-year sentence. He also testified that he understood that he was charged with first degree murder and that he would be sentenced to life in prison if he was convicted. He stated that he understood that he was being sentenced as a Range II offender and that, if he were convicted of second degree murder at trial, he would be sentenced as a Range I offender and receive a shorter sentence. He also stated that he understood that he would be required to serve one hundred percent of his sentence and that he was only eligible for a possible fifteen percent reduction in his sentence for good behavior. The trial court requested that . . . Petitioner use his "own words" to describe the sentence he was agreeing to take. [Petitioner] responded by saying, "I'm signing for a second degree murder, pleading at thirty years at 100%." [Petitioner] testified that he understood his legal rights, that trial counsel appropriately represented him, that he was entering his plea on his own free will, and that he did not have questions for the trial court. Accordingly, the trial court found that . . . Petitioner entered his plea knowingly and voluntarily and accepted his guilty plea.

*Id.* at *1.

The post-conviction court found that "Petitioner was fully advised and acknowledged his understanding of his guilty plea" and concluded that "Petitioner failed to identify anything that counsel did that would amount to ineffective assistance of counsel and failed to show that his guilty plea was unknowing, unintelligent, or involuntary." *Id.* at *2. This court affirmed the judgment of the post-conviction court. *Id.* at *5.

Petitioner next filed two motions to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. *See State v. Cunningham*, No. W2018-02075-CCA-R3-CD,

2019 WL 1895863, at *1 (Tenn. Crim. App. Apr. 29, 2019). Petitioner claimed that "he should not have been classified as a Range II, multiple offender" and that "his thirty-year sentence is illegal because it is above the maximum of twenty-five years for a Range I, standard offender Class A felony sentence." *Id.* at *2. The trial court denied the first motion. In its order denying the second motion, the trial court remarked that Petitioner's "second motion was 'identical' to his prior motion and instructed [Petitioner] to 'stop re-filing the same previously denied motion.'" *Id.* at *1. On appeal, citing *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997), this court noted that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility" and affirmed the judgment of the trial court. *Id.* at *2.

## Current Error Coram Nobis Petition

On March 17, 2023, Petitioner filed a pro se Petition for Writ of Error Coram Nobis ("the Petition"). Petitioner claimed, "the grounds and the nature of the newly discovered evidence" were "(1) untrue bill of indictment, (2) invalid foreperson's signature, (3) prosecutorial misconduct, (4) statute of limitations, (5) violation of criminal due process, (6) unlawful arrest, (7) ineffective assistance of counsel, (8) appellate counsel misconduct, [and] (9) false imprisonment." The Petition does not explain how the nine above listed "grounds" were newly discovered evidence. By order entered February 7, 2023, the trial court found that the Petition "does not allege any new evidence, just the same litany of legal arguments that his plea should be set aside." The court summarily denied the Petition for failing to state a colorable claim.

## Current Rule 36.1 Motion

On January 22, 2024, while the Petition was still pending, Petitioner filed his third pro se Motion to Correct an Illegal Sentence ("Rule 36.1 Motion"). Petitioner claimed that, when he entered his guilty plea to the lesser-included offense of second degree murder, he was taking "anti-psychotic" medication and that his plea was not entered voluntarily and intelligently. In its February 7, 2023 order denying the Rule 36.1 Motion, the trial court found that the Rule 36.1 Motion "alleges a litany of reasons why his guilty plea was involuntary and unknowing, but fails to allege an illegal sentence by law." The court summarily denied the Rule 36.1 Motion for failure to state a colorable claim.

## Analysis

Petitioner claims that the trial court erred by summarily denying the Petition and the Rule 36.1 Motion. The State argues that the court properly denied the Petition and the Rule 36.1 Motion without a hearing. We agree with the State.

## Coram Nobis Relief

A writ of error coram nobis in criminal cases is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). The writ comes "with stringent statutory requirements." *Clardy v. State*, 691 S.W.3d 390, 400 (Tenn. 2024). "In keeping with the extraordinary nature of the writ, the petition must be pled with specificity." *Id.* A coram nobis court may grant the writ only when the coram nobis petition is in writing and "describes 'with particularity' the substance of the alleged newly discovered evidence, and demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citing *Payne v. State*, 493 S.W. 3d 478, 485 (Tenn. 2016)).

We agree with the trial court's finding that the Petition "does not allege any new evidence, just the same litany of legal arguments that his plea should be set aside." We find the Petition meritless and affirm the trial court's summary denial of the Petition for failing to state a colorable claim.

## Rule 36.1

The purpose of Rule 36.1 is "to provide a mechanism for the defendant or the State to seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt. (2013); *see also State v. Wooden*, 478 S.W.3d 585, 591 (Tenn. 2015). An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Rule 36.1 "does *not* provide an avenue for seeking the reversal of convictions." *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original). Rule 36.1 is also not a vehicle to relitigate issues previously determined. *State v. Durell*, No. E2022-01800-CCA-R3-CD, 2023 WL 6060574, at *3 (Tenn. Crim. App. Sept. 18, 2023) (citing *State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015)).

Upon the filing of a motion to correct an illegal sentence, the trial court must first determine whether the motion "states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2).

The Rule 36.1 Motion filed by Petitioner failed to allege that his sentence is illegal and was simply an attempt to relitigate issues concerning Petitioner's guilty plea that have

been previously decided. The Rule 36.1 Motion is meritless, and the trial court properly summarily denied the motion for failing to state a colorable claim.

## Conclusion

We affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE