IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. BOBBY V. SUMMERS**

**Criminal Court for Davidson County**
**No. 2018-B-885**

_____

**No. M2024-00881-CCA-R3-CD**
_____

The Defendant, Bobby V. Summers, appeals the trial court's summary dismissal of his motions to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

Bobby V. Summers, *pro se*.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant, Bobby V. Summers, was indicted for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. *Summers v. State*, No. M2023-00103-CCA-R3-PC, 2024 WL 111292 (Tenn. Crim. App. Jan. 10, 2024). Pursuant to a negotiated plea agreement, the Defendant entered a guilty plea to facilitation of first degree premeditated murder in exchange for an out-of-range sentence of twenty years with sixty percent release eligibility pursuant to *State v. Hicks*, 945 S.W.2d 706 (Tenn. 1997). *Id.* The judgment of conviction was entered on August 21, 2019. No direct appeal was taken. The Defendant was unsuccessful in his subsequent, and untimely, pursuit of post-conviction relief. *Id.*

On July 1, 2024, this Court affirmed the summary dismissal of the Defendant's fourth motion to correct an illegal sentence pursuant to Rule of Criminal Procedure 36.1. *State v. Summers*, No. M2023-01589-CCA-R3-CD, 2024 WL 3250958 (Tenn. Crim. App. July 1, 2024). As noted in the Court's opinion, the Defendant did not appeal the denial of his first three Rule 36.1 motions. The Court also noted the Defendant filed two additional Rule 36.1 motions in June 2024, which are the subject of the instant appeal. In its opinion, this Court held:

> Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Wooden*, 478 S.W.3d at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id*. Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Id*. at 598.

> A judgment in a criminal case includes both a conviction and a sentence. *Cantrell v. Easterling*, 346 S.W.3d 445, 456 (Tenn. 2011). The conviction and the sentence "are distinct and severable components of the judgment." *Id*. Rule 36.1 provides a procedure for correcting an illegal sentence. *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014). Rule 36.1 "does *not* provide an avenue for seeking the reversal of *convictions*." *Id*. (emphasis in original).

> As part of the plea agreement, Defendant was allowed to plead to the lesser-included offense of facilitation of first degree murder in exchange for a twenty-year sentence with an agreed out-of-range release eligibility to avoid a trial where he could have been convicted of first degree murder and sentenced to life. Facilitation of first degree murder is a Class A felony, and Defendant, upon his plea of guilty, was subject to a sentence of "not less than fifteen (15) nor more than twenty-five (25) years." Tenn. Code Ann. § 40-35-112(a)(1) (2019). Defendant's twenty-year sentence was authorized by the applicable statute at the time Defendant committed the offense. Defendant has failed to show that his sentence was not authorized by the applicable statute or that his sentence directly contravenes an applicable

statute.

2024 WL 3250958 at *2.

The record in the instant appeal has been filed. In its order denying the Defendant's motions, which are the subject of the instant appeal, the trial court ruled: "The [Defendant] filed the instant motions asserting, in many respects, the same or similar claims asserted in previously filed motions. For reasons stated in prior orders responsive to claims raised in previously filed motions, the Court finds that the [Defendant's] claims fail to state with particularity the factual allegations which sufficiently state a colorable claim."

In response to the Defendant's appellate brief, the State now moves to dismiss this appeal, or in the alternative, to summarily affirm the trial court's ruling. Upon review of the record on file, the Defendant's brief and the State's motion, the Court agrees that its recent opinion, filed on July 1, 2024, is binding in the matter at hand. *See State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000) (discussing law of the case doctrine). Accordingly, the trial court's order, filed on June 18, 2024, is hereby affirmed. Tenn. Ct. Crim. App. R. 20 ("Memorandum Opinion").

s/ **Jill Bartee Ayers**
JILL BARTEE AYERS, JUDGE

3