IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. BOBBY V. SUMMERS**

**Criminal Court for Davidson County**
**No. 2018-B-885    Angelita Blackshear Dalton**

_____

**No. M2025-00284-CCA-R3-CD**
_____

The Defendant, Bobby V. Summers, appeals the trial court's summary dismissal of his motion to correct an illegal sentence. The record and the Defendant's brief have been filed. For the reasons stated below, the Court hereby suspends the requirement of a responsive brief by the State and affirms the trial court's order pursuant to Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JILL BARTEE AYERS, JJ. joined.

Bobby V. Summers, *pro se*.

Jonathan Skrmetti, Attorney General and Reporter, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant, Bobby V. Summers, was indicted for first degree premeditated murder, first degree felony murder, especially aggravated robbery, and tampering with evidence. *Summers v. State*, No. M2023-00103-CCA-R3-PC, 2024 WL 111292 (Tenn. Crim. App. Jan. 10, 2024). Pursuant to a negotiated plea agreement, the Defendant entered a guilty plea to facilitation of first degree premeditated murder in exchange for an out-of-range sentence of twenty years with sixty percent release eligibility pursuant to *State v. Hicks*, 945 S.W.2d 706 (Tenn. 1997). *Id.* The judgment of conviction was entered on August 21, 2019. No direct appeal was taken. The Defendant was unsuccessful in his subsequent, and untimely, pursuit of post-conviction relief. *Id.*

On July 1, 2024, this Court affirmed the summary dismissal of the Defendant's fourth motion to correct an illegal sentence pursuant to Rule of Criminal Procedure 36.1. *State v. Summers*, No. M2023-01589-CCA-R3-CD, 2024 WL 3250958 (Tenn. Crim. App. July 1, 2024). As noted therein, the Defendant did not appeal the denial of his first three Rule 36.1 motions. This Court held:

> Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Wooden*, 478 S.W.3d at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id*. Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Id*. at 598.

> A judgment in a criminal case includes both a conviction and a sentence. *Cantrell v. Easterling*, 346 S.W.3d 445, 456 (Tenn. 2011). The conviction and the sentence "are distinct and severable components of the judgment." *Id*. Rule 36.1 provides a procedure for correcting an illegal sentence. *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014). Rule 36.1 "does *not* provide an avenue for seeking the reversal of *convictions*." *Id*. (emphasis in original).

> As part of the plea agreement, Defendant was allowed to plead to the lesser-included offense of facilitation of first degree murder in exchange for a twenty-year sentence with an agreed out-of-range release eligibility to avoid a trial where he could have been convicted of first degree murder and sentenced to life. Facilitation of first degree murder is a Class A felony, and Defendant, upon his plea of guilty, was subject to a sentence of "not less than fifteen (15) nor more than twenty-five (25) years." Tenn. Code Ann. § 40-35-112(a)(1) (2019). Defendant's twenty-year sentence was authorized by the applicable statute at the time Defendant committed the offense. Defendant has failed to show that his sentence was not authorized by the applicable statute or that his sentence directly contravenes an applicable statute.

2024 WL 3250958 at *2.

The Defendant filed two additional Rule 36.1 motions in June 2024. On December 12, 2024, this Court affirmed the trial court's order denying those motions. *State v. Summers*, No. M2024-00881-CCA-R3-CD, 2024 WL 5088715 (Tenn. Crim. App. Dec. 12, 2024). As noted in that memorandum opinion, this Court's prior opinion, cited above, controlled the outcome. *See State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000) (discussing law of the case doctrine). The same holds true in the instant appeal of the trial court's order filed on January 29, 2025, wherein it stated the Defendant's motion, which is the subject of the instant appeal, was denied for the "reasons stated in prior orders." Accordingly, for these reasons, the trial court's order denying the Rule 36.1 motion filed by the Defendant on January 27, 2025, is hereby affirmed. Tenn. Ct. Crim. App. R. 20 ("Memorandum Opinion").

s/ Judge Robert L. Holloway, Jr.